Dawn R. WIDDOSS, etc., Petitioner,

v.

The UNITED STATES, Respondent.

No. 90–486V.

United States Claims Court.

Nov. 21, 1991.

Ronald J. Karasek, Bangor, Pa., atty. of record, for petitioner.

Laura S. Radack, Washington, D.C., with whom was Asst. Atty. Gen., Stuart M. Gerson, for respondent.

## ORDER

REGINALD W. GIBSON, Judge.

This memorandum order addresses Petitioner's Motion for Reconsideration of the judgment entered pursuant to 42 U.S.C. § 300aa–12(e)(3) by the clerk of the court on July 9, 1991, which states as follows:

Pursuant to the special master's decision on June 7, 1991, it was held that petitioner is not entitled to an award with the petition to be dismissed.

IT IS ORDERED AND ADJUDGED this date, pursuant to Vaccine Rule 11(a) that the petition is dismissed.

Vaccine Rule 11(a) provides as follows:

*In Absence of Motion for Review.* In the absence of the filing of a motion for review within 30 days of the filing of the special master's decision, ... the clerk shall forthwith enter judgment in accordance with the special master's decision.

The foregoing court rule should be read together with the related statutory provision which states as follows at § 300aa–12(e):

(1) Upon the *issuance* of the special master's decision, the parties shall have 30 days to file with the clerk of the United States Claims Court a motion to have the court review the decision....

(2) Upon the filing of a motion under paragraph (1) with respect to a petition, the United States Claims Court shall have jurisdiction to undertake a review of the record....

\* \* \* \* \* \*

(3) In the absence of a motion under paragraph (1) respecting the special master's decision ..., the clerk of the United States Claims Court shall immediately enter judgment in accordance with the special master's decision.

Because the petitioner, as perceived from the record by the clerk of the court, failed to *file* her motion for review of the special master's adverse decision until July 9, 1991, which allegedly was due on July 8, 1991, a judgment was entered dismissing the petition in accordance with said decision. It is the § 300aa–12(e)(3) action of the clerk of the United States Claims Court which petitioner now seeks to have reconsidered, not by the clerk of the court but rather by a judge of the United States Claims Court.

Nowhere in her motion does petitioner cite to any court rule, statute, or case law supporting an entitlement to "reconsideration" on these facts. All that appears, following a recitation of the perceived operative facts, is a prayer in the last paragraph of said motion—

... that this Honorable Court reconsider the clerk of court's dismissal of the Petition and accept as timely filed the Petitioner's Motion for Review....

■ The respondent, on the other hand, strenuously opposes said requested relief and further avers that while petitioner has not specifically alleged relief under a Rule 59 motion for reconsideration, said rule is an inapposite vehicle to attack the judgment as entered. Instead of RUSCC 59, respondent contends that even if RUSCC 60(b) is the appropriate rule upon which petitioner should have pled, *i.e.*, "relief from the operation of the judgment," this court should also deny said motion. We agree that, to the extent petitioner might be entitled to any relief, RUSCC 60(b) is the proper vehicle, which provides, in pertinent parts, as follows:

Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

For the reasons discussed hereinafter, we are constrained to conclude that the inter-

est of justice requires the granting of petitioner's motion.

*Facts*

The indisputable operative facts generating the prayer(s) in petitioner's motion may be summarized as follows:

(i) On June 4, 1990, a petition was filed in this court by the administratrix of the estate of Crystal Miller for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, for Crystal's death allegedly stemming from the administration of the DPT vaccine.

(ii) Following a hearing on the petition on January 25, 1991, the special master filed her decision on June 7, 1991, denying the prayer for relief.

(iii) On June 11, 1991, petitioner received the special master's decision.

(iv) Prior to the aforesaid decision entered on June 7, 1991, the special master granted the following suspensions: 30 days for petitioner on January 28, 1991; 60 days for petitioner on March 28, 1991; 7 days for respondent on May 22, 1991; and 14 days for respondent on June 6, 1991.

(v) On July 3, 1991, petitioner mailed her motion for review to the clerk of the court for filing.

(vi) On July 9, 1991, the Claims Court received petitioner's motion for review, and concomitantly therewith on the same day, the clerk of the court, *sua sponte*, entered judgment dismissing the petition, consistent with the special master's June 7, 1991 decision, pursuant to Vaccine Rule 11(a) and 42 U.S.C. § 300aa–12(e)(3).

(vii) On July 12, 1991, the clerk of the Claims Court, by explanatory letter, returned petitioner's motion for review inasmuch as it allegedly was not timely in that it should have been filed on July 8, 1991, *i.e.*, within the 30–day period required for filing a motion for review under § 300aa–12(e)(1).

(viii) On July 19, 1991, Petitioner's Motion for Reconsideration was stamped received in the Office of the clerk. It was later stamped "filed" on August 19, 1991.

(ix) Respondent's opposition to petitioner's motion for reconsideration was filed on September 30, 1991. And

(x) Finally, petitioner's reply in support of her motion for reconsideration was filed on October 15, 1991.

*Contentions of the Parties*

(a) *Petitioner*

In support of the motion for reconsideration, on the premise that her motion for review was timely, petitioner makes several arguments. First, she says that since the clerk of the court dismissed the petition on the *same* day (July 9, 1991) that the motion for review was received, it is highly probable that said motion was timely received by the clerk on July 8, 1991. Secondly, inasmuch as the special master granted respondent's motion to suspend proceedings for 14 days on June 6, 1991, when her decision on the merits was filed on June 7, 1991, there still remained 13 more days on the suspension. Thus, petitioner concludes that since the statutory 30 days would not begin to run until *after* the expiration of the 14–day suspended period (*i.e.*, after June 20, 1991), her motion for review, even if filed on July 9, 1991, was clearly timely. Finally, petitioner also contends that she is entitled to the three-day grace period where "service" is by mail, citing to RUSCC 6(c) and Vaccine Rule 19, thus the due date of the motion for review should have been extended to July 11, 1991.

(b) *Respondent*

Respondent takes issue with all of petitioner's contentions. Specifically, respondent avers that—

(i) petitioner's plea for reconsideration under RUSCC 59 is not the vehicle to attack the judgment of dismissal, but rather, if entitlement exists, her plea should be a motion for relief from judgment pursuant to RUSCC 60(b). This is so because she simply seeks to vacate the entry of judgment;

(ii) 42 U.S.C. § 300aa–12(e)(1) requires a motion for review to be filed within 30 days of the issuance of the special master's decision, without any enlargement;

(iii) the provisions of RUSCC 6 and Vaccine Rule 19 provide petitioner no comfort;

(iv) the granting of the 14–day suspension on June 6, 1991, one day prior to the issuance of the special master's decision on the merits, did not prevent her from so acting on June 7, 1991; and

(v) any previously entered suspension of proceedings was necessarily vacated *sub silentio* when the special master entered her decision of June 7, 1991, thus the 30–day window for filing a motion for review closed on July 8, 1991.

*Issues*

(i) Whether an order by the special master suspending "proceedings on the petition," entered on June 6, 1991, and running 14 days to June 20, 1991, to a date after she issues her decision on the merits on June 7, 1991, tolls the running of the 30–day period (§ 300aa–12(e)(1)) until after the suspension period expires?

(ii) Whether petitioner is entitled to relief from judgment pursuant to RUSCC 60(b)? and

(iii) Whether, in connection with the filing a motion for review under § 300aa–12(e)(1), petitioner may add on three (3) days where the mails are utilized consistent with RUSCC 6(c) and Vaccine Rule 19, so that the period would not run until July 11, 1991, making her motion for review timely filed on July 9, 1991?

We shall discuss these various issues seriatim.

*Discussion*

A. *Suspension of Proceedings—14 Days (June 6, 1991–June 20, 1991)*

 On June 6, 1991, the special master issued the following order at the behest of the respondent, which apparently was oral inasmuch as the file contains no written request:

> Respondent has requested a 14 day suspension. In light thereof, the following is hereby ordered: Pursuant to Vaccine Rule 9,[1][2] *the proceedings on the petition* in this matter are hereby suspended, for a period of 14 days for good cause shown.

(emphasis added). The next day, June 7, 1991, the special master issued her § 300aa–12(d)(3) decision against petitioner notwithstanding the foregoing suspension of proceedings. What is more surprising is the fact that the special master failed to vacate said suspension or to make any reference to its efficacy in her decision on the merits.

Respondent contends that the petitioner seeks to extend or enlarge the 30–day period for filing a motion for review with the clerk of court under § 300aa–12(e)(1) when it is patently clear that that statutory period may not be enlarged. Because it cannot be enlarged, says respondent, the motion for review was not timely even though only one (1) day late, and as a consequence the § 300aa–12(e)(3) dismissal by the clerk of the court was entirely proper.

As we see it, the problem here is simply perception—the respondent sees the glass as "half empty" while the court and the petitioner see the same glass as "half full." In other words, this is not a case where petitioner seeks to merely add on 14 additional days upon the running of the § 300aa–12(e)(1) 30–day filing period (*i.e.,* from July 9 to July 22, 1991), but rather, this is simply a case where the 30–day filing period under § 300aa–12(e)(1) did not *begin* to run until *after* the expiration of the 14–day suspended period, *i.e.,* after June 20, 1991. The following analysis establishes the foregoing conclusion:

---

1. Rule 9(a) provides in part as follows: "On the motion of a party, for good cause shown, the special master may suspend proceedings on the petition." This rule tracks the applicable statutory provision. § 300aa–12(d)(3)(C).

2. Rule 9 also contains the following subsection (b): "*Effect.* Such periods of suspension shall be excluded for purposes of the time limitations of 42 U.S.C. § 300aa–12(d)(3) and Vaccine Rules 4(b) and 10." We read this provision simply to provide instructions as to how to count the time limitations prescribed in the cited section. It provides no impediment to the special master granting efficacious suspension periods within the maximum allowable days.

(i) the special master properly, pursuant to Vaccine Rule 9, suspended "the proceedings on the petition [for 14 days]" on June 6, 1991, *at the request of the respondent;*

(ii) this act, suspension of the proceedings on the petition, legal in all respects, continued until affirmatively vacated or it ran its course;

(iii) the suspension was never vacated by an order of the special master, thus it remained efficacious until June 20, 1991, when it ran its course; and

(iv) since the 30–day period did not *commence* to run until June 21, 1991, for purposes of filing the motion for review, and petitioner filed said motion on July 9, 1991, it was clearly timely.

The operative language in the special master's June 6, 1991 order leading us to this conclusion is "14 day suspension ... [of] the proceedings on the petition." Literally read, we understand the quoted words to mean that the respondent requested in its motion—and the special master granted—a suspension or stay of all proceedings on the petition for a period of 14 days. The threshold question now becomes the scope or meaning of the quoted words. The word "suspension" is ordinarily defined as meaning "a temporary stop," or "causing something to cease from operation temporarily." 83 C.J.S. *Suspension* 926 (1953). It ("suspension") is synonymous with the word "stay" of proceedings in that—"A stay is a suspension of the case or some designated proceeding within it. It is a kind of injunction with which a court freezes its proceedings at a particular point." *Black's Law Dictionary,* 1413, 1446 (6th ed. 1990). Thus, "an order to stay [or suspend] proceedings puts an end to all action and no steps can be taken lawfully during its continuance." *Wallace v. Wallace,* 13 Wis. 224, 226 (1860). "Stay" is further defined as meaning "to ... suspend." 82 C.J.S. *Stay* 1036 (1953). "Stay" is "a stopping; the act of arresting a judicial proceeding by the order of a court." *In re Schwartz,* 14 F. 787 (D.C.N.Y.1882), and *In re Koome,* 82 Wash.2d 816, 514 P.2d 520, 522 (1973). "Suspend" signifies an act of stopping for a time, implying a

temporary inoperative condition. *Yoshida Intern Inc. v. U.S.,* 378 F.Supp. 1155, 1162 (1974).

Against this background, we are constrained to conclude that the June 6, 1991 order of the special master, for a 14–day suspension period until June 20, 1991, froze all proceedings during that entire period to the end that no steps could be lawfully taken during the pendency of the suspension. In view of said conclusion, we further hold that the issuance of the special master's decision, ostensibly on June 7, 1991, was also lawfully "frozen" until after the expiration of the suspended period, *i.e.,* June 20, 1991. Consequently, we must hold that the petitioner's motion for review was timely filed inasmuch as the 30–day filing period did not expire until July 20, 1991.

To reach a contrary conclusion on the facts here would strain credulity. Once a party (here the respondent) is granted its motion to suspend proceedings, certainly the non-movant is entitled to rely on the lawful pronouncement of the special master's order until the contrary appears. The contrary never surfaced. Here, the record shows that petitioner acted timely and prudently at all times in that she filed her motion for review only *one* day after the 30–day period otherwise applicable but for the suspension period and in fact 13 days *prior* to the running of the 30–day period following the expiration of the suspended period. Against this background, the petitioner clearly should not be charged with the confusion caused by the ruling below on the respondent's motion for suspension.

### B. *Relief from Judgment—RUSCC 60(b)*

■ Even assuming *arguendo* that the 30–day response time for filing a motion for review was not tolled by the suspended period, petitioner, on the facts here, would nevertheless have been entitled to relief under RUSCC 60(b) which provides as follows:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the follow-

ing reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

However, it should be noted that relief under this rule is not granted lightly. A "motion for relief from judgment [pursuant to RUSCC 60(b)] is one for extraordinary relief entrusted to the discretion of the Court ... which may be granted only in exceptional circumstances." *Placeway Const. Corp. v. United States*, 19 Cl.Ct. 484, 488 (1990), *quoting Sioux Tribe of Indians v. United States*, 14 Cl.Ct. 94, 101 (1987), *aff'd*, 862 F.2d 275 (Fed.Cir.1988), *cert. denied*, 490 U.S. 1075, 109 S.Ct. 2087, 104 L.Ed.2d 650 (1989). Nevertheless, "the court's allowance of a motion for relief similar to RUSCC 60(b) is clearly allowable under the Vaccine Rules and in accordance with the spirit and purpose of the Vaccine Act." *Zimmerman v. Secretary of Dept. of Health and Human Services*, No. 90–2758V, 1991 WL 211926 (Cl.Ct. Sept. 27, 1991) n. 2.

It can therefore be stated that RUSCC 60(b) "seeks to strike a delicate balance between ... the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Moreover, it is " 'a grand reservoir of ... power to do justice in a particular case,' that may be tapped by the ... court in the sound exercise of its discretion, and within the structure inherent in the underlying objectives of the rule." *Primbs v. United States*, 4 Cl.Ct. 366, 368 (1984), *cert. denied*, 471 U.S. 1068, 105 S.Ct. 2147, 85 L.Ed.2d 503 (1985), *quoting Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401–402 (5th Cir.1981). Moreover, the court in *Primbs* noted that "strong policies ... favor the resolution of disputes on their merits." *Id.* at 368, *quoting Jackson v. Beech*, 636 F.2d 831, 835 (D.C.Cir.1980). In addition, when the judgment being attacked is a default judgment, "Rule 60(b) will be liberally construed in favor of trial on the full merits of the case." *Primbs*, 4 Cl.Ct. at 368, *quoting Seven Elves, Inc.*, 635 F.2d at 403.

In light of the foregoing authorities and, in particular, the facts in this case, petitioner has made a persuasive and timely showing "justifying relief from the operation of the judgment." RUSCC 60(b)(6). The unorthodox and unexplained nature of the special master's decision to suspend the proceedings for 14 days and then on the following day to dismiss the case without addressing the pending suspended period created a confusing scenario to which petitioner could clearly be prone to honestly believe a 14–day tolling occurred. Despite the strict language of 42 U.S.C. § 300aa–12(e) mandating a 30–day limit to file a motion for review, we hold that the 14–day suspended period does not enlarge the 30–day statutory filing period for a motion for review, but rather it merely tolled by 14 days the period from which the 30–day period will commence to run.

### C. Three–Day Extension

■ The three-day extension afforded by RUSCC 6 and Vaccine Rule 19 have no application to the 30–day period for filing a motion for review specified in 42 U.S.C. § 300aa–12(e). For example, Vaccine Rule 19(c) permits additional filing time after service by mail—

> Whenever a party has the right or is required to do some act within a prescribed period after service of a paper, and the service is made by mail, three days shall be added to the prescribed period (unless the special master orders otherwise).

However, the issuance of a decision by the special master pursuant to 42 U.S.C. § 300aa–12(d) is not a method of service of a paper as outlined in Vaccine Rule 19(c). Instead, it is an order of the special master which requires the measuring date to be computed from date of filing of the decision, regardless of whether the petitioner receives a copy through the mails. As a consequence, petitioner would not have available the benefit of the three-day extension in this case.

### Conclusion

In light of the foregoing discussion, the petitioner has made a timely submission of

her motion for review pursuant to 42 U.S.C. § 300aa–12(e). Petitioner has the benefit of a 14–day tolling period as a result of the special master's suspension order pursuant to Rule 9 of the Vaccine Act. Moreover, we find that petitioner also possesses the benefit of RUSCC 60(b) which provides relief from judgment upon the showing of a "reason justifying relief from the operation of the judgment." The special master's confusing issuance of both a suspension of proceedings and a dismissal of the action on consecutive days clearly justifies petitioner's relief from the judgment. Given the foregoing, this court grants petitioner's motion for reconsideration and hereby vacates the clerk's judgment of dismissal. The petitioner shall *FORTHWITH* file her motion for review pursuant to 42 U.S.C. § 300aa–12(e)(1), but no later than December 20, 1991.

IT IS SO ORDERED.