**INFORMATION SYSTEMS AND NETWORKS CORPORATION,**
Plaintiff,

v.

**The UNITED STATES, Defendant.**

**No. 91–1643C.**

United States Claims Court.

June 16, 1992.

Ronald L. Winkler, Bethesda, Md., for plaintiff.

Agnes M. Brown, Washington, D.C., with whom was Asst. Attys. Gen. Stuart M. Gerson, David M. Cohen, Sharon Y. Eubanks, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on plaintiff's motion to set aside entry of default, relieve plaintiff from default judgment, and file its response to defendant's counterclaim out of time. For the reasons set forth below, the court denies plaintiff's motion.

## FACTS

On September 22, 1988, the Air Force awarded Contract No. F49642–88–D0054 to the United States Small Business Administration. The Small Business Administration assigned or awarded the contract to plaintiff. On July 6, 1989, the Air Force issued Delivery Order Number 5004 that required the conversion of certain Air Force computer operations from Honeywell equipment to IBM equipment. On March 19, 1991, the Government terminated the plaintiff for default because plaintiff allegedly failed to provide software conversions as required by the contract. On November 27, 1991, plaintiff filed its complaint in this court seeking damages from the United States under the contract claiming, *inter alia,* that defendant hindered performance by failing to provide necessary technical assistance.

On December 17, 1991, plaintiff filed a motion under RUSCC 14 for joinder of all vendors who had sued plaintiff in local courts on claims arising from performance of subcontract work on the contract. On January 27, 1992, defendant filed its answer to the complaint, and on January 31, 1992, an amended answer and counterclaim that sought $385,211.32 for extended computer lease, software licensing, and administrative costs. This counterclaim was based on the May 21, 1991, final decision of the contracting officer which assessed the costs of additional equipment leasing to the government. Defendant served its amended answer and counterclaim on plaintiff by first class United States mail on January 31, 1992 according to the certificate of service. Pursuant to the twenty day deadline stated in RUSCC 12(a) and the three day extension to this rule granted by RUSCC 6(c)[1] for service effected by mail, plaintiff

---

1. RUSCC 6(c) states that "[w]henever a party has the right or is required to do some act ... within a prescribed period after the service of a paper, and the service is made other than by

was required to reply to defendant's counterclaim by February 23, 1992. Plaintiff failed to answer the counterclaim within the time limit of RUSCC 12(a) as modified by RUSCC 6(c), and on February 28, 1992, the Clerk of the Court entered a default pursuant to RUSCC 55(a). On March 20, 1992, defendant filed a motion for entry of default, and on March 31, 1992, the Clerk entered a default judgment against plaintiff pursuant to RUSCC 55(b)(1) on defendant's counterclaim in the amount of $385,-211.32 plus interest. Plaintiff alleged that it received the counterclaim on February 11, 1992. Furthermore, plaintiff alleged that its reasons for failing to reply to defendant's counterclaim included a mistaken belief that the motion to join the vendors suspended all other deadlines on this case and therefore postponed the date by which plaintiff was required to respond to defendant's counterclaim under RUSCC 12(a). In discussions with defendant's counsel, after the entry of the default but before the entry of the default judgment, plaintiff's counsel contended that it understood that defendant did not intend to move for a default judgment. Plaintiff further contended that it received defendant's Motion for Entry of Default Judgment on March 27, 1992 and that its attorney of record called the court on that date to ask for an opportunity to respond, but was informed that the Clerk of the Court had already entered the default judgment. Plaintiff contended that the default should be set aside pursuant to RUSCC 55(c) and 60(b)(1) for excusable neglect.

## DISCUSSION

■ Relief under RUSCC 55(c) and 60(b) is extraordinary and therefore will only be applied in extraordinary circumstances. *Ackermann v. United States*, 340 U.S. 193, 202, 71 S.Ct. 209, 213, 95 L.Ed. 207 (1950); *Kaiser Aluminum & Chem. Corp. v. United States*, 409 F.2d 238, 187 Ct.Cl. 443, 451 (1969) (Cowen, C.J., concurring); *Widdoss v. United States*, 24 Cl.Ct. 547, 552 (1991); *Placeway Const. Corp. v. United States*, 19 Cl.Ct. 484, 489

(1990); *Solitron Devices, Inc. v. United States*, 16 Cl.Ct. 561, 564 (1989) (quoting *Kaiser Aluminum*); *Miner v. United States*, 14 Cl.Ct. 770, 774 (1988); *Sioux Tribe of Indians v. United States*, 14 Cl. Ct. 94, 101 (1987). Nevertheless, Rules 55(c) and 60(b) should be liberally construed to do substantial justice. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981). Furthermore, when attacking a default judgment, the rule will be liberally construed in favor of trial on the merits of the case. *Id.* at 403; *Widdoss*, 24 Cl.Ct. at 552; *Primbs v. United States*, 4 Cl.Ct. 366, 368–69 (1984).

■ Entry of default judgment may be set aside by a showing of mistake, inadvertence, surprise, or excusable neglect. RUSCC 55(c) and 60(b). Plaintiff claimed that its failure to respond was due to excusable neglect under RUSCC 60(b)(1). Three factors are evaluated in considering a motion to vacate a default judgment for excusable neglect: (1) whether the party in whose favor default has been entered will be prejudiced; (2) whether the party against whom default has been entered has a meritorious defense; and (3) whether culpable conduct of the party against whom default has been entered led to the default. *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989); *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (11th Cir.1988); *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 192 (6th Cir.1986); *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir.1985); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984); *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123 (3d Cir.1983); *see also Kaiser Aluminum & Chem. Corp. v. United States*, 409 F.2d 238, 187 Ct.Cl. 443 (1969) (Cowen, C.J., concurring). This test is disjunctive, therefore a showing that any one of the three elements of the test is satisfied will cause plaintiff's motion to be dismissed. *Cassidy*, 856 F.2d at 1415. Furthermore, the movant bears the burden of proving a justification for relief under this rule. *Id.* The movant's factual allegations will be accepted as true. *Id.* (citing *Falk v. Allen*,

hand on the same day, 3 calendar days shall be added to the prescribed period...."

739 F.2d 461, 464 (9th Cir.1984); *In re Stone,* 588 F.2d 1316, 1319 (10th Cir.1978)).

■ Turning to the first prong of the test, the court finds that defendant would not be prejudiced if the court granted plaintiff's motion. The focus of this inquiry is the possibility of loss of evidence or other difficulties in obtaining discovery. *INVST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.,* 815 F.2d 391, 398, 399–400 (6th Cir. 1987); *Davis v. Musler,* 713 F.2d 907, 916 (2d Cir.1983). Here, discovery began approximately on March 15, 1992. Defendant initially requested nine months to complete discovery, and now has approximately six months remaining, more than sufficient time to seek discovery on the counterclaim. Therefore, defendant could not be harmed by the delay that would be caused if the court granted plaintiff's motion. *INVST Fin. Group, Inc.,* 815 F.2d at 398–99 (6th Cir.1987); *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 845 (6th Cir.1983).

■ The court also finds that plaintiff presented a meritorious defense to defendant's counterclaim. In determining whether plaintiff has presented a meritorious defense, the court will not look to see if plaintiff will succeed on the merits of the case, but merely whether any defense or claim states a good defense at law.[2] *INVST Fin. Group, Inc.,* 815 F.2d at 398–99; *United Coin Meter Co.,* 705 F.2d at 845; *Keegel v. Key West & Caribbean Trading Co.,* 627 F.2d 372, 374 (D.C.Cir. 1980). Allegations made in a complaint that constitute a defense to the counterclaim can be sufficient to establish a meritorious defense to the counterclaim. *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir. 1969). The allegations in plaintiff's complaint, if established at trial, would be a complete defense to defendant's counterclaim. Plaintiff claimed that defendant breached its contract with plaintiff by preventing it from properly fulfilling the con-

tract specifications. Defendant's counterclaim stated that plaintiff failed to provide the programs specified in the contract, and, because of the delay, defendant incurred additional costs. Therefore, if plaintiff's claim is correct, defendant, and not plaintiff, is liable for the costs incurred in the counterclaim. The court concludes that, regardless of the merits of its case, plaintiff's complaint stated a meritorious defense to the counterclaim.

■ Finally, we turn to the culpability of plaintiff's conduct. A party's conduct is culpable if that party has received "actual or constructive notice of the filing of the action and failed to answer the complaint." *In re Hammer,* 940 F.2d 524, 526 (9th Cir.1991) (emphasis omitted); *see also Gregorian v. Izvestia,* 871 F.2d 1515, 1523 (9th Cir.1989). Here, plaintiff's counsel contended that it received defendant's counterclaim on February 11, 1992, eleven days after it was filed and mailed. At worst, plaintiff had seventeen days between the date plaintiff's counsel claimed to have received the counterclaim and the entry of default by the Clerk of the Court; twenty one days between receiving the counterclaim and the filing of the motion for entry of default; and thirty-one days between receiving the complaint and the entry of a default judgment. At no time did plaintiff respond to the counterclaim. Furthermore, plaintiff contended that it received a copy of the February 28, 1992 entry of default by mail on March 11, 1992. This was nine days before defendant filed a motion for entry of default and twenty days before the default judgment was entered by the Clerk.

Plaintiff contended that it was confused and believed that the filing of a motion for joinder under RUSCC 14 would suspend the running of the clock for all other action in the case. There is no provision in RUSCC 14 for suspending the clock on

---

**2.** Defendant erred by simply asserting the facts of the case to demonstrate a lack of a meritorious defense. The case law clearly states that this is insufficient to rebut the statement of a defense to the counterclaim. *INVST Fin. Group, Inc.,* 815 F.2d at 398; *United Coin Meter Co.,* 705 F.2d at 845; *Keegel v. Key West & Caribbean Trading Co.,* 627 F.2d 372, 374 (D.C.Cir.1980); *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir. 1969). Defendant cited no authority for this method of attacking a defense. Defendant confused legal argument with simple contradiction.

other motions while the court decides a motion for joinder. While it may have appeared to plaintiff to be a better course of action to respond only after the identity of all defendants in the suit was known, the Rules of this court clearly delineate the time requirements for the parties and make no mention of suspension of other mandatory deadlines.

Plaintiff's counsel contended that it does not regularly practice before the Claims Court and is therefore unfamiliar with its Rules. However, the Rules of the United States Claims Court are based on the Federal Rules of Civil Procedure and differ very little in substance from them. Furthermore, plaintiff sought out this forum and should have expected to be held to its rules.

It is clear that plaintiff's failure to respond to the counterclaim was culpable. Even allowing for plaintiff's confusion in responding to the counterclaim, there was sufficient time between the date plaintiff received notice of the default and both the filing of the motion for entry of default and the entry of the default judgment for plaintiff to respond in some fashion. The court finds that plaintiff was reckless in its failure to respond and that plaintiff's recklessness clearly led to the default. This is sufficient to find plaintiff culpable. *In re Hammer,* 940 F.2d at 526; *see also Gregorian,* 871 F.2d at 1523.

The only question remaining is whether plaintiff should be held responsible for the mistakes attributable to its counsel. Plaintiffs are deemed bound by the acts of their lawyers and are considered to have notice of all facts. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962). In some instances however, plaintiffs injured through default judgments by the negligence of their attorneys have been granted relief from the default by the court. *Primbs v. United States,* 4 Cl.Ct. 366, 370 (1984); *INVST Fin. Group, Inc.,* 815 F.2d at 400. Here, plaintiff used in-house counsel. There is no indication that the attorney was guilty of fraud or deceit to trick his employer-client into complacency about the disposition of the case. *See Primbs,* 4 Cl.Ct. at 369–70. The attorney-client relationship is especially close in the case of in-house counsel and the court finds no reason to disassociate plaintiff from the actions of plaintiff's counsel.

CONCLUSION

For the reasons set out above, the court denies plaintiff's motion to set aside the entry of default, relieve plaintiff from default judgment, and file its response to defendant's counterclaim out of time.

IT IS SO ORDERED.