Almedia FREEMAN and Joseph Freeman, as legal representatives of Patrice Seamon, Petitioners,

v.

THE SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

No. 91–791V.

United States Court of Federal Claims.

Feb. 27, 1996.

Almedia Freeman and Joseph Freeman, Chicago, Illinois, pro se.

Mark W. Rogers, Washington, D.C., with whom were Assistant Attorney General Frank W. Hunger, Helene M. Goldberg, John Lodge Euler, and Gerard W. Fischer, for respondent.

## OPINION

BRUGGINK, Judge.

This action was brought by petitioners under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa–1 to 300aa–34 (Supp. V 1993), to recover for injuries allegedly suffered by Patrice Seamon, petitioner, and daughter of petitioners Almedia and Joseph Freeman, as a result of a vaccine administration. Petitioners have filed, *pro se*, a "Motion to Reopen the Case," which the court deems to be a request for relief from judgment pursuant to Rule 60(b) of the Rules for the United States Court of Federal Claims (RCFC). After considering the Government's opposition, filed pursuant to the court's order of November 17, 1995, the court finds that the circumstances alleged warrant the reopening of the case in the interest of justice. Dismissal of the petition ordered by Chief Special Master Golkiewicz on April 28, 1992, therefore, is vacated.

## BACKGROUND

On January 31, 1991, petitioners filed, *pro se*, a letter of intent with the court stating that they had a claim under the Vaccine Act, but failing to offer specifics. On May 1, 1991, petitioners were directed by the Chief Special Master to file specific documentation to support their claim. In response, petitioners made two timely requests for additional time, the second being filed on August 28, 1991, stating that the child had been seen in several hospitals making it difficult to gather the necessary medical records, and that they were also attempting to hire an attorney to assist them in their efforts. The Office of Special Masters granted the petitioners an additional 60 and 30 days, respectively.

It appears from the petitioners' motion that, before the expiration of the last extension of time, petitioners contacted Norman J. Lerum, an attorney. According to the peti-

tioners, they paid Mr. Lerum $200 and provided him with the necessary documentation to support their claim. It was their understanding that they had reached a verbal agreement and, from that point forward, the attorney would file the necessary papers with the court, and handle the prosecution of the case.

The petitioners' request for relief details their discussions with their attorney, and includes an August 17, 1995 letter from the attorney to the petitioners stating his position regarding this matter.[1] His account, while partially at variance with petitioners', corroborates a number of their assertions. The August 1995 letter states that Mr. Lerum had given Ms. Freeman a retainer agreement to take home, and that he had requested certain fees be paid when Ms. Freeman returned the signed agreement. In addition, the letter verifies that Ms. Freeman sent the signed agreement, accompanied by a $200 payment, on March 17, 1992.

Regardless of what arrangement, if any, had been created, the court failed to receive any additional information regarding the case after the petitioners' second request for an extension of time. As a result, on April 28, 1992, the Chief Special Master dismissed the petition with prejudice pursuant to Vaccine Rule 21(c) for failure to state a claim upon which relief could be granted and for failure to substantiate any claim. Judgment was entered by the Clerk of the United States Claims Court, the predecessor to this court, on May 29, 1992. A letter was sent to the petitioners notifying them of the dismissal, but was returned by the Postal Service, stating that there was no such address.[2]

In their Motion to Reopen the Case petitioners provide several reasons for their lengthy delay. First, they contend that the attorney actively encouraged them to let him handle the case and all contact with the court, and yet failed to prosecute the case. Petitioners also state that they never received a notice of dismissal from the court, and that they only learned of this action in September 1995.

In addition, petitioners contend that their attorney, on two separate occasions, told them that the process was slow and that they should let him handle the case. While the August 1995 letter does not specifically confirm this, it does verify that Ms. Freeman spoke with the attorney at least one other time after the initial interview to check the status of the case. Finally, the petitioners believe that the attorney actively misled them by stating that he had filed the medical documentation which Ms. Freeman had provided to him, when, in fact, he had not.[3]

## DISCUSSION

 Rule 60(b) of the Rules for the United States Court of Federal Claims provides the court with authority to:

> relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for the reasons (1), (2), and (3) not more than one year after the judgment . . . was entered or taken.

RCFC 60(b). A motion made pursuant to Rule 60(b) is left to the sound discretion of the trial court. *United States v. Berenguer,* 821 F.2d 19, 20 (1st Cir.1987) (citing *Lepore v. Vidockler,* 792 F.2d 272, 274 (1st Cir.

---

1. The court notes that it is not making any findings regarding the attorney's conduct in this matter. The sole issue before this court is whether the petitioners may avail themselves of Rule 60(b).

2. The address on the letter was not the address which accompanied the petitioners' original filing. Although it is unclear how the clerk's office obtained this address, it is possible that it was

taken from a November 1991 letter also returned to the court, which had a yellow post office forwarding sticker showing this new address. However, it was apparently an incorrect address and the clerk's office was unable to contact the petitioners after November of 1991.

3. The attorney has since returned all documentation and medical records to the petitioners.

1986)). However, the one year limitation imposed on motions brought under subsections (1), (2), and (3) of the Rule is considered "an absolute bar to motions filed after that period." *Berenguer*, 821 F.2d at 21. In addition, it is well established that the catch-all exception of subsection (6) is not available unless the asserted grounds for relief are not recognized in clauses (1) through (5). *Laney v. United States*, 26 Cl.Ct. 318, 321 (1992) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, 108 S.Ct. 2194, 2204, 100 L.Ed.2d 855 (1988)). *See In re Emergency Beacon Corp.*, 666 F.2d 754, 758 (2d Cir.1981) (citing *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir.1977)). Thus, because the petitioners bring this motion more than one year after the order of dismissal, in order to obtain relief, they must proceed under subsection (6) and show some justification not included within subsections (1) through (5).

■ In order for a party to obtain relief under subsection (1), the petitioner must show that one of the four conditions for relief applies—mistake, inadvertence, surprise or excusable neglect. The only condition possibly applicable to the situation at bar is excusable neglect. As this court has made clear in the past, however, mere negligence or misrepresentation by a party's attorney does not qualify as excusable neglect under Rule 60(b)(1). *Primbs v. United States*, 4 Cl.Ct. 366, 369 (1984), *aff'd*, 765 F.2d 159 (Fed.Cir.), *cert. denied*, 471 U.S. 1068, 105 S.Ct. 2147, 85 L.Ed.2d 503, *reh'g denied*, 471 U.S. 1145, 105 S.Ct. 2692, 86 L.Ed.2d 709 (1985). *See Ben Sager Chems. Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir.1977) (stating, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).").[4] In *Primbs*, the plaintiff's failure to respond was directly attributable to his attorney's failure to inform him of the court's order to show

cause, and the attorney's active deception regarding the prosecution of the case. *Primbs*, 4 Cl.Ct. at 368–70. Two months after the case was dismissed, the court specifically rejected Rule 60(b)(1) as a basis for vacating the dismissal, but granted relief under subsection (b)(6). *Id.* Because, as illustrated here, subsection (1) would be inapplicable, even if brought within the one year time limit, and subsections (2) through (5), on their face, are clearly not applicable under these circumstances, subsection (6) may be invoked in this instance.

■ Although a motion filed under subsection (6) is not subject to the one-year time limitation, such a motion must be filed "within a reasonable time." RCFC 60(b). The determination of reasonableness is to be made by the court on a fact specific basis. *Laney*, 26 Cl.Ct. at 320. *See Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). There are several relevant factors when determining the reasonableness of delay, including "the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle*, 910 F.2d at 365.

■ Here, there was a three year and five month delay between dismissal and the petitioners' motion requesting relief. For the purposes of this motion, the court accepts the petitioners' statement that they were unaware of the dismissal until sometime in September 1995. Under this version of the facts, it would have been reasonable for them to assume that the clerk's office was corresponding with their attorney, and so the lack of word from the court would not be surprising. The clerk's office, in turn, had never been contacted by the attorney and was only aware of the petitioners' prior address. As such, the missed communications do not

---

4. One commentator explains the rationale for application of Rule 60(b)(6) to the gross negligence or misconduct of counsel as follows:

> The question presented on the motion is whether the conduct is excusable neglect. Obviously the greater the negligence involved, or the more willful the conduct, the less "excusable" it is; on the other hand, the more inexcusable it is, the greater the natural sympathy

with the ultimate victim. Some courts have resolved this dilemma by treating "gross" negligence by counsel as constituting special circumstances taking the case out of subdivision (b)(1), and affording relief under (b)(6).

7 James W. Moore, Moore's Federal Practice ¶ 60.27[2] at 60–285 (2d ed. 1995) (citations omitted).

seem to have been of the petitioners' making. Given Ms. Freeman's diligence prior to contacting the attorney, the attorney's verification that he accepted money from Ms. Freeman, the court's belief that the attorney's actions might have lulled petitioners into relying on him to prosecute the case, and the petitioners' prompt action upon learning of the dismissal, the court concludes that the petitioners have brought this motion for relief within a reasonable time as provided by Rule 60(b).

 Finally, this court has held that the residual clause of Rule 60(b) enables the court "to vacate judgments whenever such action is appropriate to accomplish justice." *Solitron Devices, Inc. v. United States,* 16 Cl.Ct. 561, 564 (1989) (quoting *Klapprott v. United States,* 335 U.S. 601, 615, 69 S.Ct. 384, 390–91, 93 L.Ed. 266 (1949)). While there is a desire to preserve the finality of judgments, this must be balanced with the "incessant command of the court's conscience that justice be done in light of *all* the facts." *Primbs,* 4 Cl.Ct. at 368 (quoting *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir.1981)) (emphasis in original).[5]

The present circumstances come within the purpose of Rule 60(b)(6). If the petitioners' version of events is correct, then, through no fault of their own, they lost an opportunity to have their case decided based upon its merits. As in *Primbs,* the petitioners appear to have been misled by their attorney, which resulted both in the dismissal of the case and the substantial time period during which the petitioners failed to learn of the dismissal.

## CONCLUSION

Based on the present state of the record, the motion to reopen is timely, and granting it is in the interest of justice. Accordingly, petitioners' request for relief from judgment under Rule 60(b)(6) is granted. It is therefore ordered that the dismissal of the petition be vacated, and the matter remanded to the Office of Special Masters. Because respon-

---

5. As the court noted in *Primbs,* there is a strong public policy in favor of the resolution of disputes on their merits, and where "the judgment attacked is a default judgment, 'Rule 60(b) will

dent has requested an opportunity, in the event of reopening, to conduct discovery and put on evidence as to petitioners' diligence, that issue is preserved. When considering the merits of the petitioners' underlying action, the Special Master is also directed to make recommended findings of fact with respect to whether the petitioners acted with due diligence in connection with their prosecution of the action, as well as with respect to their motion to reopen.

---

be liberally construed in favor of trial on the full merits of the case.' " *Primbs,* 4 Cl.Ct. at 368–69 (quoting *Seven Elves, Inc.,* 635 F.2d at 403).