REYNA, Circuit Judge,
dissenting.
This is an unremarkable case that involves a law firm’s failure to make a timely filing on behalf of its client. As a result of the missed deadline, Ms. Herring’s appeal to the Merit Systems Protection Board (“Board” or “MSPB”) for reconsideration of denial of her application for disability retirement benefits was dismissed. The Board considered whether good cause existed for the failure to meet the deadline and found none. The majority reverses the Board’s good cause determination, and further finds that the Board abused its discretion for failure to reach two other issues. For the following reasons, I dissent.
MSPB regulations provide that an appeal will be dismissed as untimely filed “unless a good reason for the delay is shown.” 5 C.F.R. § 1201.22(c) (2012). The Board may waive the time limit and accept an untimely filing where it determines, upon consideration of all of the facts and circumstances, that good reason exists for the delay. Id. § 1201.22. This court has held that the decision whether to waive an applicable time limit is committed to the Board’s discretion and that this court will not substitute its judgment for that of the Board. Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (en banc) (collecting cases). A Board decision not to grant a waiver will be reversed only upon a showing that the Board decision was an abuse of its discretion. 5 U.S.C. § 7703(c).
The majority finds that the “unusual” facts in this case render the Board’s decision not to waive the time limit an abuse of its discretion. Maj. Op. at 1014. In addition, the majority holds that the Board abused its discretion by failing to assert the extent of prejudice it would suffer were a waiver to be granted and by failing to extend leniency to Ms. Herring on grounds that this case involves retirement benefits. I address each in turn.
I. Good Cause
There is nothing unusual here. This is a case where a client hires a law firm to take its appeal and the law firm fails to file the appeal on time. There is no controversy surrounding whether an attorney-client relationship existed between Ms. Herring and the law firm. The record is clear that the circumstances leading to the untimely filing were solely related to the attorneys’ failure to file on time.[1] The majority cor *1020 rectly states that there are no extraordinary circumstances attributable to Ms. Herring that account for the delay, Maj. Op. at 1015-16. The six day length of delay is unremarkable, and there are no extraordinary facts attributable to the MSPB or the law firm that account for the delay. In my view, the Board reviewed all relevant facts in this case in reaching its decision not to grant a waiver. I see no basis for faulting the Board for abuse of its discretion.
The majority, however, makes an independent review of the facts, and substitutes its factual judgment for that of the Board. First, it faults the Board for not “systematically” applying the numerous Alonzo criteria. I find no authority that mandates a good cause determination to be made based on all Alonzo criteria.
Second, the majority finds that the Board abused its discretion by failing to consider Ms. Herring’s “relevant physical and psychological conditions.” Maj. Op. at 1014-15. While the record contains statements of Ms. Herring’s medical conditions, those statements relate only to the nature of Ms. Herring’s underlying disability claim. I find nothing in the record indicating any “relevance” of Ms. Herring’s medical condition to the issue of the delay. Indeed, neither party raised or argued the relevancy of Ms. Herring’s medical conditions and, as noted above, the majority was correct that there are no extraordinary circumstances attributable to Ms. Herring that account for the delay. The Board therefore, did not abuse its discretion in failing to consider Ms. Herring’s medical conditions as a factor to the issue of delay.
Third, the majority sums up its review of circumstances in this case:
These circumstances, taken together, indicate the actions and inactions of Ms. Herring’s law firm “were misleading and deceptive in effect” and “‘misled and lulled’” Ms. Herring “‘into believing th[e] case was proceeding smoothly.’” Crawford v. Dep’t of State, 60 M.S.P.R. 441, 446 (1994) (quoting Dabbs v. Dep’t of Veterans Affairs, 56 M.S.P.R. 57, 60 (1992)).
Maj. Op. at 1014-15 (brackets original). This statement constitutes a significant, distinct factual finding by the majority. Yet, the evidence is that the missed deadline was caused by a failure of communication within the firm’s multiple offices. There is no evidence of any action on the part of the firm as deceiving or misleading, intended or otherwise. I find no legal support or factual basis for this holding.
II. Prejudice and Leniency
In addition, the majority finds that the Board abused its discretion because it failed to address the extent of prejudice it would suffer should waiver be granted, and because the Board did not apply or articulate a more lenient good cause standard in this case on the basis that leniency is “a factor it has previously treated as significant” in other instances.
In the cases cited by the majority, prejudice and leniency are considered only after good excuse of the delay was established. In addition, the cases cited involve circumstances beyond the missed deadline facts of this case. See Williamson v. Merit Sys. Prot. Bd., 334 F.3d 1058, 1064 (Fed.Cir.2003) (“there are at least three documents that, taken together, are sufficient to constitute preponderant evidence that Williamson’s appeal was filed on [the deadline]”); Primbs v. United States, 4 Cl.Ct. 366, 370 (1984) (where there was a dereliction of duty by an attorney and dismissal under Rule 60(b)(6)). Such cir *1021 cumstances are not present in the instant appeal. As a result, the majority appears to elevate both prejudice and leniency as factors that alone may establish good cause, a proposition I do not accept.
This case is a simple matter of a law firm missing a filing deadline that has placed its client at risk of losing her retirement benefits. There are no excuses proffered, reasonable or otherwise, for missing the deadline. The Board fully reviewed the facts in its decision that good cause has not been shown. Because I find no reason to disturb that determination, I dissent.

. Ms. Herring's attorney conceded during oral argument that the filing deadline was missed due to negligence by the firm. Oral Argument Hearing Tr. at 4:51-5:04, available at United States Court of Appeals for the *1020 Federal Circuit website, http://cafc.uscourts. gov/.