**Brett K. WILSON and Julianne Wilson, Parents and Next Best Friends of Jade Rose Wilson, Petitioners,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 89–65V.

United States Claims Court.

May 16, 1991.

Jack Gage, Cheyenne, Wyo., Atty. of Record, for petitioners.

Carol Essrick, Washington, D.C., with whom was Asst. Atty. Gen., Stuart M. Gerson, for respondent.

## OPINION

REGINALD W. GIBSON, Judge:

Brett and Julianne Wilson (petitioners) have secured the prospective payment of

substantial compensation under the National Vaccine Injury Compensation Program, *codified as amended at* 42 U.S.C.A. §§ 300aa–10 *et seq.* (West Supp.1991) (the Program), for certain vaccine-related injuries suffered by their daughter, Jadeanne Rose Wilson. That relief was obtained pursuant to the petitioners' March 18, 1991, election to accept the January 22, 1991 findings, conclusions, and recommendations of Special Master George Hastings. Thus, the Clerk of Court entered final judgment in accord with that report on March 21, 1991, after the petitioners voluntarily withdrew their previously-filed motion for Claims Court review on March 18, 1991. We did not at any time pass on the sufficiency or the correctness of the findings of fact and conclusions of law by Special Master Hastings. Notwithstanding the foregoing, the petitioners filed, on April 1, 1991, a RUSCC 59 motion for reconsideration seeking to add allegedly "newly discovered evidence" to the record, and to favorably alter that portion of the judgment relating to the manner of compensation payment.

Against this background, the issue is: Whether this court has jurisdiction to entertain a RUSCC 59 Motion For Reconsideration when the petitioners voluntarily elected to withdraw their § 300aa–12(e)(1) motion for review before a decision could be issued on the merits under § 300aa–12(e)(2)?

We find, for reasons explained more thoroughly below, that the petitioners deprived this court of all jurisdiction when they voluntarily withdrew their § 300aa–12(e)(1) motion before we completed our § 300aa–12(e)(2) review. Thus, we have no power to pass on the petitioners' RUSCC 59 motion for reconsideration. Moreover, even if jurisdiction did exist, we have not made any ruling on the merits of the decision by Special Master Hastings, and thus, there is nothing for us to reconsider. Therefore, the petitioners' RUSCC 59 motion for reconsideration must be DENIED.

## BACKGROUND

The petitioners initially filed a claim for compensation under the Program on May 30, 1989, and Special Master Bryan J. Bernstein issued a decision recommending the payment of compensation on April 26, 1990. On May 29, 1990, the petitioners and the respondent *each* filed a motion for Claims Court review under § 300aa–12(e), which states that:

(1) Upon issuance of the special master's decision, the parties shall have 30 days to file with the clerk of the United States Claims Court a motion to have the court review the decision....

(2) *Upon the filing of a motion under paragraph (1) with respect to a petition, the United States Claims Court shall have jurisdiction to undertake a review of the record of the proceedings and may thereafter—*

(A) uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,

(B) set aside any findings of fact or conclusion[s] of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or

(C) remand the petition to the special master for further action in accordance with the court's direction.

\*　　\*　　\*　　\*　　\*　　\*

(3) *In the absence of a motion under paragraph (1) respecting the special master's decision ..., the clerk of the United States Claims Court shall immediately enter judgment in accordance with the special master's decision.*

(emphasis added).

On October 24, 1990, we completed our review, without ruling on the merits, and determined that the findings of fact and conclusions of law by Special Master Bernstein were extremely deficient in both scope and specificity. Consequently, pursuant to the authority of § 300aa–12(e)(2)(C), we remanded *the entire petition* to the Office of the Special

Master. In our remand order, we *expressly* directed the special master to make appropriate findings and conclusions *without* reopening the record. The matter was subsequently reassigned to Special Master George Hastings, who, on January 22, 1991, issued entirely new findings of fact and conclusions of law on the basis of the record previously developed by the parties. He ultimately determined that the petitioners were entitled to compensation, and directed the respondent to make four annual lump sum disbursements from the Program trust fund and to use those proceeds to purchase an annuity or annuities to pay a stream of income sufficient to cover projected medical and rehabilitation expenses for the future care of Jade Wilson.

Apparently the petitioners were thoroughly dissatisfied with the foregoing annuity payment arrangement because, on February 21, 1991, they filed another § 300aa–12(e)(1) motion for review, this time contesting various findings and conclusions contained in the remand decision by Special Master Hastings. Thus, the petitioners invoked our § 300aa–12(e)(2) review jurisdiction for a second time. However, on March 18, 1991, the petitioners voluntarily decided to withdraw their § 300aa–12(e)(1) motion for Claims Court review in order to facilitate the immediate entry of judgment under § 300aa–12(e)(3). As a consequence, we did not review the findings of fact and conclusions of law by Special Master Hastings following remand, and final judgment was entered on March 21, 1991, in accord with his *uncontested* report.

Nevertheless, on April 1, 1991, the petitioners filed a RUSCC 59 motion for reconsideration of the judgment, again expressing dissatisfaction with the annuity funding vehicle selected by the special master. Thus, by their RUSCC 59 motion, the petitioners are seeking to supplement the record with alleged newly-discovered evidence that purportedly furnishes an adequate and compelling basis for this court to alter the final judgment that was entered in accord with the decision of Special Master Hastings on March 21, 1991. They essentially contend that this new evidence

warrants an order providing for payment in a lump sum instead of payment by annuity, as directed by the special master. The petitioners further allege that the annuity payment arrangement is not in the best interests of Jade, and that it is also incorrect as a matter of law.

## DISCUSSION

■ As previously stated, the issue here is—whether this court has jurisdiction (*i.e.*, the power) to entertain the present RUSCC 59 motion for reconsideration. Given the fact that the petitioners voluntarily withdrew their § 300aa–12(e)(1) motion for Claims Court review before we had a chance to pass on the sufficiency of the findings of fact and conclusions of law by Special Master Hastings under § 300aa–12(e)(2), we think it is absolutely clear that the answer to this question is no. This is so because our jurisdiction in vaccine cases is unambiguously circumscribed by the plain language of § 300aa–12(e)(2), which states that:

> Upon the filing of a motion [to review the special master's decision] ... with respect to a petition, the ... Claims Court shall have jurisdiction to undertake a review of the record....

That is, we may review the decision of a special master only after a § 300aa–12(e)(1) motion has been filed, and then only *so long as it remains filed.* Only when such a motion is pending may we review the report of the special master to determine whether any findings or conclusions are arbitrary, capricious, an abuse of discretion, or contrary to law. Here, our jurisdiction was properly invoked on February 21, 1991, when the petitioners filed their motion seeking review of the remand decision by Special Master Hastings. However, we did not complete our review on the merits because the petitioners subsequently revoked our authority by voluntarily withdrawing their motion for review on March 18, 1991 (Petitioners' Motion To Forego "Motion For Review" And For Immediate Entry of Judgment). In doing so, we hold that the petitioners waived their right *ab initio* to Claims Court review, and ac-

knowledged their acceptance of the special master's remand decision of January 22, 1991. Given these circumstances, the petitioners' decision to withdraw their motion for review created a clear playing field for the immediate entry of judgment under § 300aa–12(e)(3). In short, it is as if a review was never sought by the petitioners. Thus, we hold that no subsequent collateral action on behalf of the petitioners is sufficient to invoke our § 300aa–12(e)(2) review jurisdiction. The petitioners cannot now invoke the jurisdiction of the Claims Court under the guise of a motion for reconsideration after declining to pursue all appropriate remedies they otherwise may have had on the merits through available statutory review procedures.

■ Moreover, inasmuch as we did not issue a ruling on any aspect of the merits of Special Master Hastings' decision, there is nothing for us to reconsider. In this regard, we look to RUSCC 59(a)(1), which states that:

> (a) Grounds. (1) A ... reconsideration may be granted to all or any of the parties on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States. *On a motion under this rule, the court may open the judgment* if one has been entered, *take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions*, and direct the entry of a new judgment.

Obviously, this rule contemplates a reconsideration of an issue or issues that the court itself has *previously* decided, and does not apply to a reconsideration of issues decided by another judicial or administrative body. As already noted here, the petitioners withdrew their motion for review before this court had an opportunity to issue a decision upon a § 300aa–12(e)(2) "review of the record," and as a consequence, we have not made any determinations on the merits that are subject to reconsideration.

The petitioners' attempt to reopen the record is also to no avail insofar as our October 24, 1990 remand order specifically instructed the special master to limit his activities to the record then in existence. In this regard, it appears to us that the petitioners are really seeking a reconsideration of that remand order, which is interlocutory. If that is the petitioners' true intention, the same answer applies and, that is, by foregoing their motion for review, they have actually waived all rights of appeal in this court. Moreover, we also observe that a RUSCC 59(a)(1) "motion for reconsideration should not be used as a substitute for an appeal." *Weaver–Bailey Contractors, Inc. v. United States*, 20 Cl.Ct. 158 (1990). These principles have particular relevance in cases such as this one, where the petitioners voluntarily waived their statutory right to obtain Claims Court review under § 300aa–12(e)(2).

## CONCLUSION

The petitioners' RUSCC 59 motion for reconsideration is not well founded, and for the foregoing reasons, the motion is DENIED. No costs.

IT IS SO ORDERED.