989 F.2d 1170
 Dawn R. WIDDOSS, n/b/m Dawn R. Hineline, Individually and as
Administratrix of the Estate of Crystal Renee
Miller, Deceased, Petitioner-Appellee,
v.
SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Respondent-Appellant.
 No. 92-5096.
 United States Court of Appeals,
Federal Circuit.
 March 24, 1993.
 
 Ronald J. Karasek, Zito, Martino & Karasek, Bangor, PA, argued for petitioner-appellee.
 Mary Hampton Mason, Attorney, Dept. of Justice, Washington, DC, argued for respondent-appellant. With her on the brief were Stuart M. Gerson, Asst. Atty. Gen., Helene M. Goldberg and John Lodge Euler.
 Before NEWMAN, MICHEL and CLEVENGER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 The Secretary of the Department of Health and Human Services appeals from both the November 21, 1991 order of the United States Claims Court vacating the judgment entered in accordance with the special master's decision, and the Claims Court's February 6, 1992 judgment, Widdoss v. Secretary, Dep't of Health & Human Servs., 25 Cl.Ct. 251 (1992) (Gibson, J.), reversing the special master's decision and compensating Dawn R. Widdoss (Widdoss) under the National Childhood Vaccine Injury Act for the death of her daughter, Crystal Renee Miller, less than 24 hours after being vaccinated with diphtheria-pertussis-tetanus (DPT). Because Widdoss' motion to review the special master's decision was untimely, the Claims Court lacked jurisdiction to entertain and rule upon the merits of that motion. Consequently, we vacate the Claims Court's order and judgment and remand with instructions to enter judgment in accordance with the special master's decision.
 
 
 2
 * This appeal raises three issues: (i) whether a special master's decision issued during a period of suspension under 42 U.S.C. § 300aa-12(d)(3)(C)[1] is "issued" for the purpose of triggering the 30-day period in which to file a motion in the United States Claims Court to review the special master's decision under 42 U.S.C. § 300aa-12(e)(1); (ii) whether the 30-day period under section 300aa-12(e)(1) is jurisdictional; and (iii) whether the Claims Court has the authority to waive compliance with the 30-day period through use of its rules of procedure.
 
 Statutory Framework
 
 3
 The National Childhood Vaccine Injury Act of 1986, Pub.L. No. 99-660 (Title III), 1986 U.S.C.C.A.N. (100 Stat.) 3755 (codified as amended at 42 U.S.C. §§ 300aa-1 to 300aa-34 (1988 & Supp.1990) & at 42 U.S.C.A. §§ 300aa-1 to 300aa-34 (West 1991 & Supp.1992)) (Vaccine Act), provides that compensation is available on petition to the Claims Court to a claimant who demonstrates by preponderant evidence that, inter alia, the vaccinated child suffered one of four statutorily-defined "table" injuries, or a complication or "sequela" thereof. 42 U.S.C. §§ 300aa-13(a)(1), 300aa-14(a), (b) (1988 & Supp.1990).
 
 
 4
 The legislative history accompanying the original statute evidences a concern with rapid resolution of petitions:
 
 
 5
 The entire proceeding--from date of filing through Special Master proceedings and court review--is to take place as expeditiously as possible.... [M]uch of the equity in limiting compensation and limiting other remedies arises from the speed and reliability with which the petitioner can expect judgment; without such quick and certain conclusion of proceedings, the compensation system would work an injustice upon the petitioner.
 
 
 6
 H.R.Rep. No. 908, 99th Cong., 2d Sess. 17 (1986), reprinted in 1986 U.S.C.C.A.N. 6287, 6344, 6358 (emphasis added).
 
 
 7
 Under 42 U.S.C. § 300aa-12(d)(3)(A)(ii), originally enacted as subsection 2112(d) of the Vaccine Act, § 311(a), 1986 U.S.C.C.A.N. (100 Stat.) at 3762, the special master assigned to hear a petition has a limited period of 240 days after the petition's filing date in which to hear the merits and issue a decision. If the special master fails to issue a decision within the 240-day period, the special master shall notify the petitioner of her options either to have the petition remain before the special master or to withdraw the petition, upon submitting written notice to the Claims Court. 42 U.S.C.A. §§ 300aa-12(g), 300aa-21(b) (West 1991 & Supp.1992).[2]
 
 
 8
 Pursuant to 42 U.S.C. § 300aa-12(d)(3)(C), however, the special master may, upon motion of either party, toll the 240-day period for an aggregate period not to exceed 150 days. Section 300aa-12(d)(3)(C) was added by the Omnibus Budget Reconciliation Act of 1989 (OBRA), Pub.L. No. 101-239, § 6601(g), 1989 U.S.C.C.A.N. (103 Stat.) 2106, 2289, the accompanying House Conference Report of which reads, in part:
 
 
 9
 [The Act permits] a suspension of time during the proceedings that is not to count in the aggregate time [of 240 days] allowed for compensation actions to proceed.... If the [special] master determines that further time is necessary for the action on the petition to proceed, the [special] master is ... authorized to allow ... suspensions, [with] the aggregate [suspension] period not to exceed 150 days in total.
 
 
 10
 H.R.Conf.Rep. No. 386, 101st Cong., 1st Sess. 516 (1989), reprinted in 1989 U.S.C.C.A.N. 3018, 3119 (emphasis added). This concern was further evidenced by the addition one year later of 42 U.S.C.A. § 300aa-12(d)(3)(D) (West Supp.1992),[3] which permits the chief special master, acting on his own initiative "in the interest of justice," to suspend proceedings associated with pre-September 30, 1990 vaccinations for a period of up to 540 days in addition to the 150-day suspension time under section 300aa-12(d)(3)(C), upon determining that "the number of filings and resultant workload place an undue burden on the parties or the special master involved in [the] proceedings." Id. Neither of these suspension provisions was intended to contravene the Vaccine Act's desire to resolve petitions rapidly, but instead resulted from the recognition that special masters assigned to hear individual cases may become so overburdened with the enormity of the caseload that they would be unable to deal properly with each case. See 42 U.S.C.A. § 300aa-12(d)(3)(D) (West 1991 & Supp.1992); 136 Cong.Rec. H9728 (daily ed. Oct. 15, 1990) (Joint Statement of Explanation of Amendments to the National Vaccine Injury Compensation Program); 136 Cong.Rec. S15,198 (daily ed. Oct. 12, 1990) (same).
 
 
 11
 In sum, the legislatively-enacted policy of prompt resolution of petitions is tempered by the reality of heavy caseloads and the resultant authority to enlarge the otherwise applicable decision-making period of 240 days.
 
 
 12
 Once a special master has issued a decision, 42 U.S.C. § 300aa-12(e)(1) provides for a 30-day period from the date of issuance thereof in which to file a motion to review the decision with the Claims Court. If no such motion is filed, the clerk of the Claims Court is required by statute to enter judgment immediately on the basis of the special master's decision. 42 U.S.C. § 300aa-12(e)(3).
 
 Background
 
 13
 On June 28, 1988, at the age of five months, Crystal Renee Miller received her first DPT vaccination. Less than 24 hours later, the child was discovered dead in her crib after being unobserved for over two hours. The autopsy results indicated her cause of death as Sudden Infant Death Syndrome (SIDS).
 
 
 14
 On June 4, 1990, Dawn Widdoss, both individually and as administratrix of the deceased, timely filed a petition for compensation for Crystal's death under the Vaccine Act. Widdoss alleged that Crystal had died as a direct result of suffering a "shock-collapse or hypotonic-hyporesponsive collapse" (HHE).
 
 
 15
 Widdoss' case was immediately assigned to Special Master Wright, whose statutory 240-day period in which to conclude the case would have expired on January 30, 1991. Pursuant to section 300aa-12(d)(3)(C), however, Special Master Wright granted one 30-day suspension in the proceedings prior to the January 25, 1991 evidentiary hearing, and one 30-day suspension thereafter to permit the parties to file post-hearing papers. Wright thereby extended the deadline for issuing her decision through March 31, 1991. During the post-hearing period in which she was to decide the case and issue her opinion, Special Master Wright, on March 28 and May 22, 1991, further suspended the proceedings for 60 and 7 days, respectively, thereby further extending her 240-day statutory deadline to June 6, 1991. Wright granted a final suspension of 14 days on June 6 in order to retain the authority to issue her opinion, which she did on June 7, 1991. Each extension of time was granted pursuant to a request by one of the parties.
 
 
 16
 On the merits, Special Master Wright determined that Widdoss had failed to prove by preponderant evidence that Crystal's death was a sequela of a table injury. This determination was based in part on the fact that Crystal failed to exhibit any clear symptoms of an HHE other than as part of the agonal process of death: "To say that death is a sequela of a shock-like state that is an integral part of the dying process simply defies logic." Widdoss v. Secretary, Dep't of Health & Human Servs., No. 90-486V, slip op. at 11, 1991 WL 112208 (Cl.Ct.Sp.Mstr. June 7, 1991).
 
 
 17
 On July 9, 1991, 31 days after the special master's decision issued, Widdoss filed her motion to review the special master's decision with the Claims Court. As a result of the untimely filing, on that same date, the clerk of the Claims Court sua sponte entered final judgment in accordance with the special master's decision as mandated by 42 U.S.C. § 300aa-12(e)(3).
 
 
 18
 In response to the Claims Court's adverse judgment, Widdoss submitted a motion for "reconsideration" of the clerk's entry of judgment, urging that the Claims Court vacate the judgment and review the merits of the case. On November 21, 1991, the Claims Court granted Widdoss' motion "in the interest of justice." Widdoss v. United States, 24 Cl.Ct. 547, 548 (1991) (order vacating judgment).
 
 
 19
 In so doing, the Claims Court addressed three argued bases on which to vacate the entry of judgment. First, the judge concluded that the June 6, 1991 order pursuant to Vaccine Rule 9,[4] "[suspending] proceedings on the petition" for 14 days, had tolled the running of the 30-day period in which to file a motion for review until after the expiration of the suspension period on June 20, 1991. The court reasoned that "no steps could be lawfully taken during the pendency of the suspension" and therefore the June 7, 1991 decision "issued" within the meaning of section 300aa-12(e)(1) on June 20. Id. at 7-8. Second, in the alternative, even if the suspension period had not tolled the 30-day period, relief was appropriate under Rule 60(b) of the Rules of the United States Claims Court (RUSCC), because such relief would be " 'in accordance with the spirit and purpose of the Vaccine Act.' " Id. at 8 (quoting Zimmerman v. Secretary, Dep't of Health & Human Servs., No. 90-2758V, 1991 WL 211926, at * 3 n. 2 (Cl.Ct. Sept. 27, 1991) (order granting motion to reinstate petition)). Finally, the court determined that the three-day deadline extension afforded by RUSCC 6 and Vaccine Rule 19(c), available in situations where papers are served by mail, had no application to the 30-day period for filing a motion for review, since the period ran from the date of issuance of the special master's decision under 42 U.S.C. § 300aa-12(d), regardless of whether the petitioner received a copy of the decision through the mails. Id. at 9.
 
 
 20
 On the merits, the Claims Court reversed the special master's decision, holding that the special master had ignored unrebutted testimony on the existence of symptoms of an HHE, in light of which Widdoss had demonstrated by preponderant evidence that Crystal had suffered an HHE, and that she was therefore entitled to compensation for Crystal's death. Widdoss v. Secretary, Dep't of Health & Human Servs., 25 Cl.Ct. 251, 263-68 (1992).
 
 II
 
 21
 Review of whether the Claims Court had jurisdiction to hear the motion to review the special master's decision is de novo. Dehne v. United States, 970 F.2d 890, 892 (Fed.Cir.1992); Zumerling v. Marsh, 783 F.2d 1032, 1034 (Fed.Cir.1986). This decision necessarily involves statutory interpretation, which we likewise review de novo. Commercial Energies, Inc. v. United States, 929 F.2d 682, 684 (Fed.Cir.1991); Pasteur v. United States, 814 F.2d 624, 626 (Fed.Cir.1987).
 
 
 22
 * Section 300aa-12(d)(3) authorizes the special master to toll or "suspend" the time period in which she must decide the case upon motion of either party. The actual language of the section reads, in pertinent part:
 
 
 23
 (A) A special master to whom a petition has been assigned shall issue a decision on such petition
 
 
 24
 ....
 
 
 25
 (ii) ... as expeditiously as practicable but not later than 240 days, exclusive of suspended time under subparagraph (C), after the date the petition was filed.
 
 
 26
 ....
 
 
 27
 (C) In conducting a proceeding on a petition a special master shall suspend the proceedings one time for 30 days on the motion of either party. After a motion for suspension is granted, further motions for suspension by either party may be granted by the special master, if the special master determines the suspension is reasonable and necessary, for an aggregate period not to exceed 150 days.
 
 
 28
 42 U.S.C. § 300aa-12(d)(3); see also Vaccine Rules 9, 10(a).
 
 
 29
 In considering the effect of Special Master Wright's June 6 suspension on the issuance of her decision, the Claims Court ruled that the suspension "froze all proceedings during that entire [suspension] period to the end that no steps could be lawfully taken during the pendency of the suspension." Widdoss v. United States, at 551 (order vacating judgment) (emphasis added). This understanding of the effect of a suspension erroneously limits a special master's power to act during periods of suspension. See Vaccine Rule 9(c) (single effect of suspension is to toll statutory time periods), supra n. 3.
 
 
 30
 As noted above, the legislative history demonstrates that periods of suspension serve only to enlarge the legally available time period in which to render a decision on a petition. Such extensions are authorized if the special master determines that "further time is necessary for ... action on the petition to proceed." H.R.Conf.Rep. No. 386, 101st Cong., 1st Sess. 516 (1986), reprinted in 1989 U.S.C.C.A.N. at 3119. That a special master is able to consider the evidence, decide the case, and prepare her opinion for issuance during periods of suspension thus are unquestionable propositions. Were the law otherwise, the effect, for example, of a 30-day suspension granted on the 240th day would be simply to delay by 30 days the special master's inevitable announcement that she could no longer entertain the petition. This clearly was not intended by Congress.
 
 
 31
 Furthermore, both sections 300aa-12(d)(3)(A) and 300aa-12(e)(1) evidence that the proceedings on a petition conclude with the special master's final act of "issu[ing] a decision on the petition," at which time the clock measuring the time for filing a motion to review the special master's decision begins to run. Consequently, the effective date of issuance of a decision by the special master has to be the date actually issued, because upon issuance of the decision, the special master is thereafter relieved of any further power to suspend the case, since there are no longer any "proceeding[s] on a petition" to suspend under section 300aa-12(d)(3)(C). The June 6, 1991 14-day suspension thus had the sole effect of extending the period of time within which the special master could decide the case, since "further time [was] necessary for the action on the petition to proceed." Upon issuing her decision, any remaining suspension period was of no further effect.
 
 
 32
 Moreover, interpreting the statutory suspension provisions so as to require delaying the effectiveness of the special master's decision until the expiration of the suspension period would be contrary to the legislative history's premium on rapid resolution of petitions for compensation and on avoidance of unnecessary delays within the statutory framework. This emphasis supports "deciding" a case as soon as possible, and "issuing" the decision as soon as it is made. A clearly expressed purpose of the Vaccine Act was to resolve petitions for compensation "as expeditiously as possible," furtherance of which is accomplished through our interpretation of the special master's power to "suspend" proceedings.
 
 
 33
 Thus, for purposes of section 300aa-12(e)(1), the special master's decision effectively "issued" on the date it actually issued, regardless of any remaining period of suspension. The 30-day period in which Widdoss could file a motion to review the special master's decision began to run on June 7, 1991.
 
 B
 
 34
 Widdoss' July 9, 1991 motion to review the special master's decision was untimely filed in the Claims Court. We must therefore determine whether the 30-day time limit under section 300aa-12(e)(1) is jurisdictional.
 
 
 35
 The pertinent section of the statutory compensation scheme, entitled "Court jurisdiction," reads in part:
 
 
 36
 (e) Action by United States Claims Court
 
 
 37
 (1) Upon issuance of the special master's decision, the parties shall have 30 days to file[5] with the clerk of the United States Claims Court a motion to have the court review the decision
 
 
 38
 ....
 
 
 39
 (2) Upon the filing of a motion under paragraph (1) with respect to a petition, the United States Claims Court shall have jurisdiction to undertake a review of the record of the proceedings and may thereafter [exercise its standards of review].
 
 
 40
 (3) In the absence of a motion under paragraph (1) respecting the special masters decision ..., the clerk of the United States Claims Court shall immediately enter judgment in accordance with the special master's decision.
 
 
 41
 42 U.S.C. § 300aa-12(e) (emphasis added); see also Vaccine Rule 11(a); Vaccine Rule 23 ("No extensions of time under this rule will be permitted, and failure of a party to timely file such a motion shall constitute a waiver of the right to obtain review.").
 
 
 42
 Congress specifically used this phraseology to illustrate in the strongest possible terms that filing a motion to review the special master's decision within the 30-day period is a prerequisite to the Claims Court's jurisdiction. The pertinent legislative history accompanying the addition of section 300aa-12(e) emphasizes the same notion:
 
 
 43
 The conference agreement provides for an appeal of the [special] master's decision to the U.S. Claims Court under very limited circumstances. If such a motion for review is filed within the applicable time limits, the Court is then to decide to [exercise its standards of review]....
 
 
 44
 H.R.Conf.Rep. No. 386, 101st Cong., 1st Sess. 516 (1989), reprinted in 1989 U.S.C.C.A.N. at 3119-20 (Report accompanying OBRA §§ 6601(d)-(i), 1989 U.S.C.C.A.N. (103 Stat.) at 2286-90).
 
 
 45
 That Congress may declare as jurisdictional statutory time periods in which to appeal is a proposition clearly established in the case law. See, e.g., Butler v. Derwinski, 960 F.2d 139, 141 (Fed.Cir.1992) (38 U.S.C.A. § 7266(a) (West 1991): 120-day period in which to appeal to the Court of Veterans Appeals; the court "simply cannot evade Congress's limitation upon its jurisdiction by furnishing an extension which Congress has not empowered it to provide."); Adam Sommerrock Holzbau, GmbH v. United States, 866 F.2d 427, 430 (Fed.Cir.1989) (5 U.S.C. § 504(c)(2) (1982 & Supp.1986): 30-day period in which to appeal from Armed Services Board of Contract Appeals' decision); Kelley v. Secretary, United States Dep't of Labor, 812 F.2d 1378, 1380 (Fed.Cir.1987) (19 U.S.C. § 2395(a) (1982): 60-day period from notice of final decision of Secretary of Labor in which to commence action in the Court of International Trade); Monzo v. Department of Transp., Fed. Aviation Admin., 735 F.2d 1335, 1336 (Fed.Cir.1984) (5 U.S.C. § 7703(b)(1) (1982): 30-day period in which to appeal from Merit Systems Protection Board's decision); Placeway Constr. Corp. v. United States, 713 F.2d 726, 728 (Fed.Cir.1983) (41 U.S.C. § 607(g)(1)(A) (1982): 120-day period in which to appeal from Board of Contract Appeals' decision); see also Schacht v. United States, 398 U.S. 58, 68, 90 S.Ct. 1555, 1561, 26 L.Ed.2d 44 (1970) (Harlan, J., concurring) (U.S. Supreme Court treats time requirements imposed by statute as jurisdictional); Rhone Poulenc, Inc. v. United States, 880 F.2d 401, 408 (Fed.Cir.1989) (Nies, J., concurring in result) ("A time limit fixed by statute within which to file a motion is a jurisdictional restriction." (emphasis in original)).
 
 
 46
 Moreover, the jurisdictional nature of 42 U.S.C. § 300aa-12(e)(1) was addressed in Wilson v. Secretary, Dep't of Health & Human Servs., 23 Cl.Ct. 169 (1991), aff'd, 960 F.2d 156 (Fed.Cir.1992) (table). In Wilson, which was summarily affirmed without opinion by this court, petitioners withdrew their motion to review a special master's decision prior to any action thereon by the Claims Court, and judgment was thereafter entered on the basis of the special master's decision without reaching the merits thereof. Id. at 170. Petitioners thereafter attempted to invoke RUSCC 59 to obtain post-judgment relief. Due to the petitioners' failure to pursue pre-judgment remedies, the Claims Court concluded that it lacked jurisdiction over the case, since any jurisdiction had been lost upon the original motion's withdrawal. Though Widdoss would have us limit Wilson to its facts, we read the case to stand for the broader principle that the Claims Court's jurisdiction to hear appeals under the Vaccine Act is "unambiguously circumscribed by the plain language of [section 300aa-12(e) ]." Id. at 171.
 
 
 47
 In light of the above, we hold that the 30-day time period in which to file a motion for review under section 300aa-12(e)(1) is jurisdictional. The jurisdictional character of the 30-day time period does not preclude the Claims Court from adjudicating the question of whether Widdoss' petition for review was timely filed, however. See 42 U.S.C. § 300aa-12(e)(3). The Claims Court obviously has jurisdiction to determine if it has jurisdiction. Johns-Manville Corp. v. United States, 893 F.2d 324, 328 (Fed.Cir.1989); cf. C.R. Bard, Inc. v. Schwartz, 716 F.2d 874, 877 (Fed.Cir.1983) (Federal Circuit has inherent jurisdiction to determine its own jurisdiction); see also Spruill v. Merit Sys. Protection Bd., 978 F.2d 679, 686-89 (Fed.Cir.1992) (& cases cited therein).
 
 C
 
 48
 Because the 30-day time period is jurisdictional, invocation of RUSCC 60(b) to authorize review of the merits of Widdoss' petition for review is to no avail, because such a rule cannot be used to escape a jurisdictional limitation. RUSCC 60(b) reads, in relevant part:
 
 
 49
 On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment....
 
 
 50
 RUSCC 60(b) was promulgated by the Claims Court under authority conferred thereon by Congress to govern practice and procedure in matters before the court. 28 U.S.C. § 2503(b) (1988). Although the Rule's language would at first glance apparently apply to the immediate issue, it is well settled that "[a]n authority conferred upon a court to make rules of procedure for the exercise of its jurisdiction is not an authority to enlarge its jurisdiction[.]"[6] United States v. Sherwood, 312 U.S. 584, 589-90, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941). Moreover, it is clear that "the [Claims Court] cannot, through its [acknowledged] rule-making power, expand its jurisdiction beyond the limits prescribed by Congress." RSH Constructors, Inc. v. United States, 20 Cl.Ct. 1, 7 (1990) (citing Rolls-Royce Ltd. v. United States, 364 F.2d 415, 419 (Ct.Cl.1966)); see also Fed.R.Civ.P. 82 (Federal Rules must not be construed to extend or limit jurisdiction).
 
 
 51
 Finally, it is settled law in our sister circuits that Federal Rule of Civil Procedure 60(b), the relevant part of which was entirely adopted by RUSCC 60(b),[7] cannot be employed to toll, extend, or waive the time period in which to appeal.[8] See, e.g., Fiore v. Washington County Community Mental Health Ctr., 960 F.2d 229, 233 (1st Cir.1992); Branum v. Clark, 927 F.2d 698, 704 (2d Cir.1991); Pryor v. United States Postal Serv., 769 F.2d 281, 286 (5th Cir.1985) (& cases cited therein); McKnight v. United States Steel Corp., 726 F.2d 333, 338 (7th Cir.1984); West v. Keve, 721 F.2d 91, 97 (3d Cir.1983); see also Fed.R.Civ.P. 60(b) advisory committee's note ("Application to the court under [Rule 60(b) ] does not extend the time for taking an appeal...."); Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); see generally 9 James W. Moore & Bernard J. Ward, Moore's Federal Practice § 204.12, at 4-79 n. 44 (2d ed. 1992). Thus, the Claims Court erred in applying RUSCC 60(b) to provide relief from Congress' carefully circumscribed appellate process under the Vaccine Act.
 
 III
 
 52
 Since Widdoss' petition for review was untimely filed and the Claims Court erred in employing RUSCC 60(b) to create jurisdiction to review the merits of the petition, we vacate both the order and judgment below and remand to the United States Court of Federal Claims[9] with instructions to enter judgment in accordance with the special master's decision.
 
 
 53
 No costs.
 
 
 54
 VACATED and REMANDED.
 
 
 55
 NEWMAN, Circuit Judge, concurring in part, dissenting in part.
 
 
 56
 I concur in the panel's analysis, insofar as it relates to the application by the United States Claims Court[1] of its procedural Rule 60(b). Although the Claims Court undertook to review the decision of the special master "in the interest of justice", I agree that the untimely filing can not be overcome under Rule 60(b). However, to the extent that the panel majority holds that the thirty-day limit is not subject to waiver or toll for purposes of review of the master's decision because this time limit is "jurisdictional", I respectfully must dissent from the ruling of the panel majority.
 
 
 57
 In Spruill v. Merit Systems Protection Board, 978 F.2d 679 (Fed.Cir.1992) this court again sought to place in perspective the ubiquitously loose usage of the term "jurisdictional". Although we have on occasion used that term to describe situations wherein statutory requirements have not been met, I believe that the analysis in Spruill is in better harmony with the analysis of precedent. The Supreme Court explained:
 
 
 58
 [W]hen the plaintiff bases his cause of action upon an act of Congress jurisdiction cannot be defeated by a plea denying the merits of the claim.... [I]f the plaintiff really makes a substantial claim under an act of Congress there is jurisdiction whether the claim ultimately be held good or bad.
 
 
 59
 The Fair v. Kohler Die and Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913) (Holmes, J.). A claim that does not meet a statutory time period may not be a "good" claim, it may not be an actionable claim, but it does not defeat the court's jurisdiction. See Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 341 U.S. 246, 71 S.Ct. 692, 95 L.Ed. 912 (1951) ("As frequently happens where jurisdiction depends on subject matter, the question of whether jurisdiction exists has been confused with whether the complaint states a cause of action.")
 
 
 60
 Jurisdiction of the National Childhood Vaccine Injury Act was assigned to the United States Claims Court. The Act provides that a request for review by the Claims Court of the decision of a special master must be filed within thirty days of the date of the master's decision. However, the special master is an instrumentality of the Claims Court, and the Claims Court has jurisdiction ab initio. Indeed, judgment can be entered only by the Claims Court, even if no request for review is filed. While the step of reviewing the special master's decision requires a timely request therefor, an untimely or no request does not mean that the Claims Court is devoid of jurisdiction, for the Claims Court already has jurisdiction, and it is on the basis of that jurisdiction that final judgment is entered. The somewhat imprecise draftsmanship of the Vaccine Act can not deprive the court of the jurisdiction that it must retain in order to carry out its assignment. Thus by reconsidering the judgment that had been entered by its clerk of court, the Claims Court was not taking forbidden jurisdiction, whether or not it was acting appropriately under Rule 60(b).
 
 
 61
 In sum, when petitioner Widdoss was one day late[2] in filing her request for review by the Claims Court of the decision of the special master, this did not raise a "jurisdictional" issue. In denying or granting that review the Claims Court is not determining its jurisdiction. See Do-Well Machine Shop, Inc. v. United States, 870 F.2d 637 (Fed.Cir.1989) (one year time limit for appeals under the Contract Disputes Act is not "jurisdictional"); Lackhouse v. Merit Systems Protection Board, 773 F.2d 313, 316 (Fed.Cir.1985) (failure to meet a valid statutory and regulatory requirement is not a "jurisdictional" defect); Ralston Steel Corp. v. United States, 340 F.2d 663, 667, 169 Ct.Cl. 119 (Ct.Cl.1965) (determination that a plaintiff does not have a statutory right to relief does not deprive the court of jurisdiction ab initio ); Amgen Inc. v. U.S. International Trade Commission, 902 F.2d 1532, 1535 (Fed.Cir.1990) (correcting the Commission's treatment of a substantive requirement as a "jurisdictional" issue).
 
 
 62
 I agree with the panel majority that Rule 60(b) is not an avenue of relief for untimeliness. However, this does not implicate the court's jurisdiction, or require on jurisdictional grounds that the thirty-day limit can not be tolled or waived in the interest of justice. See Irwin v. Veterans Administration, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling of statutory period of limitations is available in suits against the United States); Thompson v. Immigration and Naturalization Service, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (rejecting position that time for filing appeal is "jurisdictional" and can never be waived); Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962) (rejecting argument that filing deadline can not be waived in "unique circumstances"). Indeed, whether a requirement is described as "jurisdictional" does not prohibit recourse to the interest of justice, and does not bar equitable tolling or waiver should the circumstances warrant.
 
 
 
 [1]
 Unless otherwise specified, 42 U.S.C. cites appear in (Supp.1990)
 
 
 [2]
 Prior to November 26, 1991, the date of enactment of the Health Information, Health Promotion, & Vaccine Injury Compensation Amendments of 1991, Pub.L. No. 102-168 (HIHPVICA), § 201, 1991 U.S.C.C.A.N. (105 Stat.) 1102, 1102-04, the statutory scheme provided that if the special master failed to issue a decision within 30 days after expiration of the 240-day period, the special master lost jurisdiction over the case. See 42 U.S.C. §§ 300aa-12(g), 300aa-21(b)(2). Both sections 300aa-12(g) and 300aa-21(b) were amended retroactive to October 1, 1988 by HIHPVICA, § 201(d), (i)(2), 1991 U.S.C.C.A.N. (105 Stat.) at 1103, 1104
 
 
 [3]
 Section 300aa-12(d)(3)(D) was added by the Vaccine & Immunization Amendments of 1990, Pub.L. No. 101-502, § 5(b)(1), 1990 U.S.C.C.A.N. (104 Stat.) 1285, 1286, and was amended by HIHPVICA § 201(c), 1991 U.S.C.C.A.N. (105 Stat.) at 1103
 
 
 [4]
 Vaccine Rule 9 reads, in pertinent part: "(a) General. On the motion of a party, for good cause shown, the special master may suspend proceedings on the petition.... (c) Effect. Such periods of suspension shall be excluded for purposes of the time limitations of 42 U.S.C. § 300aa-12(d)(3)...."
 
 
 [5]
 A motion is "filed" in the Claims Court when "actually received and marked filed by the clerk, not when mailed." Vaccine Rule 17(a)
 
 
 [6]
 We also note that on this basis, the Claims Court would be unable to rely on the "good cause" standard of Vaccine Rule 19(b) to waive the jurisdictional 30-day requirement under section 300aa-12(e)(1). Cf. Butler v. Derwinski, 960 F.2d 139, 141 (Fed.Cir.1992) (compliance with jurisdictional time period is "a prerequisite to ... review and [the statutory language] 'does not authorize the court to extend that time.' " (quoting Machado v. Derwinski, 928 F.2d 389, 391 (Fed.Cir.1991)))
 
 
 [7]
 We examine general federal law interpreting the scope of the corresponding Federal Rule of Civil Procedure as persuasive. See Aleut Tribe v. United States, 702 F.2d 1015, 1020 n. 10 (Fed.Cir.1983); Crone v. United States, 538 F.2d 875, 884 (Ct.Cl.1976); see also Croskey v. United States, 24 Cl.Ct. 420, 422 n. 2 (1991); RUSCC 1(b)
 
 
 [8]
 The facts of this case indicate that judgment was entered in the Claims Court solely as a result of Widdoss' failure to file within the 30-day period. As such, we decline to interpret Widdoss' motion as anything other than a motion to extend the time period in which to file
 
 
 [9]
 The United States Claims Court is now known as the United States Court of Federal Claims. Federal Courts Administration Act of 1992, Pub.L. No. 102-572, § 902(a), 1992 U.S.C.C.A.N. (106 Stat.) 4506, 4516
 
 
 [1]
 The Claims Court has since been designated the Court of Federal Claims; for clarity, I retain the name at the time of the appealed decision
 
 
 [2]
 The appeal was mailed on July 3, and did not reach the court by the deadline of July 8