Kaitlyn WALLER, Petitioner,

v.

SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

No. 02–50V.

United States Court of Federal Claims.

Dec. 8, 2005.

Clifford J. Shoemaker, Vienna, VA, for petitioner.

Lisa A. Watts, with whom were Peter D. Keisler, Assistant Attorney General, Timothy P. Garren, Director, Vincent J. Matanoski, Acting Deputy Director, and Catharine E. Reeves, Acting Assistant Director, Torts Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.

## OPINION AND ORDER

HEWITT, Judge.

Before the court is petitioner Kaitlyn Waller's Motion for Review,[1] dated and submitted to the court on September 23, 2005, one day after the termination of the 30–day limitation period established by statute for the filing of an appeal of the decision of a special master under the National Childhood Vaccine Injury Act of 1986, codified as amended at 42 U.S.C. §§ 300aa–1 to 300aa–34 (2000 & Supp.2003) (Vaccine Act). *See* 42 U.S.C. § 300aa–12(e)(1). Petitioner's motion was filed by leave of the court by Order of October 6, 2005 to allow for consideration of Respondent's Motion to Dismiss or to Strike from the Record (Motion or Resp.'s MTD) submitted to the court on September 28, 2005.

Also before the court are Petitioner's Response to Motion to Dismiss or to Strike from the Record (Response or Pet.'s Re-

---

1. The action before the court was brought by Heather Waller on behalf of her minor child and natural ward, Kaitlyn Waller. Petitioner's briefs alternate between the singular and plural in re-

ferring to petitioner. For consistency, the court refers to Kaitlyn Waller as petitioner in the singular in this Order.

sponse), Petitioner's Supplemental Response to Motion to Dismiss or to Strike from the Record (Supplemental Response or Pet.'s Supp.), and Respondent's Reply to Petitioner's Response and Supplemental Response to Respondent's Motion to Dismiss or to Strike from the Record (Resp.'s Reply). For the following reasons, Petitioner's Motion for Review is DISMISSED as untimely.

## I. DISCUSSION

The entitlement decision in this case was issued by the special master on August 23, 2005 and filed on that date with the Court of Federal Claims.[2] The decision was entered into Pacer, the court's electronic docket system, on August 25, 2005.[3] Petitioner's counsel[4] argues that he "believed that pleadings are entered [on the court's docket] on the date they are filed, and therefore believed that the decision was in fact filed on August 25th, despite the date of signing." Pet.'s Response at 1. Based on this perception of the filing date of the special master's decision, petitioner's counsel also avers that he believed that, by filing on September 23, 2005 the motion for review "was in fact being filed early." *Id.* In petitioner's Supplemental Response, petitioner's counsel argues that he "relied upon the conflicting filing dates in Pacer, the Court's electronic docket," Pet.'s Supp. at 1, referring to the date the decision was filed, August 23, 2005, and the date the filing was entered into the system, August 25, 2005, both of which are found on the docket entry for the special master's decision. Petitioner's counsel characterizes the recording of these two dates in the court's electronic docket as an "inaccuracy in the Court's docket which led to [petitioner's] determination of the filing deadline" and from

which petitioner seeks relief from the court under Rule 60(b) of the Rules of the Court of Federal Claims (RCFC). *Id.* at 2.

Respondent moves to dismiss or to strike petitioner's motion for review as untimely pursuant to 42 U.S.C. § 300aa–12(e) of the Vaccine Act and RCFC, App. B, Vaccine Rule 23.[5] Resp.'s MTD at 1. Section 12(e)(1) of the Vaccine Act states that "[u]pon issuance of the special master's decision, the parties shall have 30 days to file with the clerk of the United States Court of Federal Claims a motion to have the court review the decision." 42 U.S.C. § 300aa–12(e)(1). Respondent argues that the 30–day period for filing a motion for review ended on September 22, 2005, as determined by applying the provisions for the computation of time under RCFC 19(a). Resp.'s MTD at 1, n. 2.[6] Respondent concludes that, because the motion was untimely, "petitioner's motion must be dismissed for lack of jurisdiction." Resp.'s MTD at 2. Respondent rejects petitioner's assertion of "conflicting filing dates" and notes that the date "08/23/2005" is contained in the first column of the docket sheet under the heading "Date Filed" and in bold type at the top of the first page of the special master's entitlement decision. Resp.'s Reply at 2–3.

A. The 30–Day Statutory Limitation Period for Filing an Appeal May Not be Extended or Waived

■ The court agrees with respondent that the 30–day limitation period ended on September 22, 2005 based on the filing date of August 23, 2005 of the special master's entitlement decision. The court does not

---

**2.** The special master's original decision, photocopies of which were sent to the parties, shows in the date field centered above the caption the notation "(Filed: August 23, 2005)." This is also the date displayed in the "Date Filed" column on the court's electronic docket.

**3.** The date of entry into the court's electronic docket is indicated by the notation in the text of docket number 72: "(Entered: 08/25/2005)."

**4.** It is the customary practice of this court to refer to the parties based on their procedural standing (petitioner/respondent, plaintiff/defen-

dant) when referring to arguments advanced in their respective pleadings and supporting briefs. Because the principal issue now before the court is the timeliness of filing, a matter largely if not entirely within the control of counsel, the court finds it more appropriate to refer directly to petitioner's counsel.

**5.** Although respondent cites RCFC 23, *see* Resp.'s MTD at 1, the court believes the intended citation is to RCFC, App. B, Vaccine Rule 23.

**6.** Petitioner's counsel does not challenge the method of determining the limitation deadline.

consider any confusion petitioner's counsel may have experienced regarding the relative significance of a date entered under the lead column entitled "Date Filed" in the court's electronic docket system and a date provided in a parenthetical following the notation "(Entered: [date] )" in the third column entitled "Docket Text" for that same docket item, to be, as claimed by petitioner's counsel, the result of "inaccuracy in the court's docket." Pet.'s Supp. at 2. In light of petitioner's counsel's extensive litigation experience before the United States Court of Federal Claims,[7] it is unclear why petitioner's counsel would "believe[ ] that pleadings are entered on the day they are filed," Pet.'s Resp. at 1, especially when only six of the 73 numbered items on the docket sheet in this case bear the same date for both filing and entry. *See* Pet.'s Resp., Attachment (court's docket sheet in this case).

As noted in the first sentence of Petitioner's Motion for Review, petitioner's counsel acknowledges that the entitlement decision was issued on August 23, 2005. Pet.'s Mot. at 1 ("On August 23, 2005, the Special Master issued an Entitlement Decision concluding that Petitioner had not proven by a preponderance of the evidence that any vaccinations caused-in-fact Kaitlyn Waller's seizure disorder and its alleged sequelae."). The regulations governing implementation of the Vaccine Act provide that the parties have 30 days "[u]pon issuance of the special master's decision" to file a motion for review. 42 U.S.C. § 300aa–12(e)(1). The Federal Circuit has held that "the proceedings on a petition conclude with the special master's final act of 'issu[ing] a decision on the petition,' at which time the clock measuring the time for filing a motion to review the special master's decision begins to run." *Widdoss v. Sec'y of Health & Human Servs.*, 989 F.2d 1170, 1175 (Fed.Cir.1993) (holding that a motion for review filed 31 days after the special master's decision was filed was untimely). In the present case, the clock "beg[an] to run" on the day the decision was issued and stopped on September 22, 2005, 30 days after issuance of the special master's decision.

The special master's entitlement decision cited and referenced extensively in Petitioner's Motion for Review bears above the caption on page one the notation "(Filed: August 23, 2005)." Rule 23 of the Vaccine Rules of the United States Court of Federal Claims, found in Appendix B of the RCFC, states:

> To obtain review of a special master's decision, within 30 days after the date on which the decision is filed, a party must file with the clerk a *motion for review* of the decision. No extensions of time under this rule will be permitted, and the failure of a party to timely file such a motion shall constitute a waiver of the right to obtain review.

RCFC, App. B, Vaccine Rule 23. The date indicated on the court's electronic docket and on the special master's decision as the "date filed" is necessarily the date of filing acknowledged by the court. *See Mahaffey v. Sec'y of Health & Human Servs.*, 368 F.3d 1378, 1380 (Fed.Cir.2004) (affirming the dismissal of petitioner's motion for review filed two days after the statutory limitation period and the trial court's finding that the thirty-day period for requesting review "begins when the special master 'files' the decision with the Court of Federal Claims"); *Hervey v. Sec'y of Health & Human Servs.*, 88 F.3d 1001, 1002 (Fed.Cir.1996) (holding that the date of issuance of the special master's decision for purposes of 42 U.S.C. § 300aa–12(e)(1) was "the date on which the decision was filed with the clerk of the Court of Federal Claims").

For this court to "deem the filing of the decision for purposes of the Motion for Review to have been August 25," as requested by petitioner's counsel, Pet.'s Supp. at 2, would be necessary to grant petitioner an extension of time from the date of filing contained in the entitlement decision itself and recorded by the clerk of the court. This is expressly prohibited under the rules of this court as stated in Vaccine Rule 23. Petitioner's request to substitute the entry date of the decision on the electronic docket for the date of filing recorded by the clerk's office,

---

**7.** According to respondent, petitioner's counsel "has represented hundreds of petitioners in claims brought under the Vaccine Act for more than a decade." Resp.'s Reply at 3, n. 2.

thereby conferring an extension of time for the filing of the motion for review, cannot be granted.

### B. RCFC 60(b) is Not Applicable Under these Facts

Petitioner also requests relief under RCFC 60(b), Pet.'s Resp. at 1, and refers the court to the Remand Order issued by this court in *Bernhardt v. Sec'y of Health & Human Servs.*, No. 00–592V, slip op. (Fed.Cl. Oct. 6, 2005), Pet.'s Supp. at 1. RCFC 60(b) allows the court to offer relief from "a final judgment, order, or proceeding" for an enumerated list of reasons such as mistake, excusable neglect, newly discovered evidence, fraud, and "any other reason justifying relief from the operation of the judgment." [8]

As respondent argues in its briefing, the issues addressed in *Bernhardt* did not involve the timeliness of the filing of petitioner's motion for review but rather dealt with harm to the petitioner that arose from an unforeseen change in legal process. Resp.'s Reply at 4. In that case, petitioner timely filed a motion for review of the special master's order holding that petitioner's motion for voluntary dismissal of suit pursuant to Vaccine Rule 21(a) divested the special master of jurisdiction over petitioner's claim and thereby prevented the special master from considering petitioner's subsequent motion to withdraw the voluntary dismissal and to proceed with judgment on the record. *Bernhardt*, slip op. at 3. At the time petitioner moved voluntarily to dismiss his suit, it was the court's practice to follow voluntary dismissal with the issuance of a "judgment of dismissal," seen as necessary to preserve a petitioner's right to pursue a subsequent civil action for the alleged injury. *Id.* at 9. This practice was discontinued

shortly after petitioner filed his motion for voluntarily dismissal and no judgment was entered in petitioner's case. *Id.* at 12. The court in *Bernhardt* applied RCFC 60(b) to vacate the special master's order denying petitioner's motion on jurisdictional grounds and granted petitioner's motion to withdraw the voluntary dismissal. *Id.* As the court in that case observed, "the harm petitioner is seeking to undo ... is not a harm of petitioner's own making ... [but] is instead the result of a change in legal process, the occurrence of which petitioner could not reasonably have foreseen." *Id.* at 11. Deciding to provide relief from the adverse consequences to the petitioner caused by the "change in legal process," *id.*, the court found the circumstance before it to be within the meaning of "any other reason justifying relief," *id.* at 12.

In this case, by contrast, petitioner has alleged no facts or circumstances that would support intervention by the court under RCFC 60(b). No change in legal process or in the procedures followed by the clerk's office occurred in the present case that affected the statutory deadline for filing the motion for review. The harm petitioner alleges that she suffered could have been avoided by petitioner's counsel simply by his taking note of the information provided on the face of the special master's entitlement decision and in the court's electronic docket.

Notably, petitioner's counsel does not even identify the prongs of RCFC 60(b) under which relief might be appropriate. And, it is well settled that RCFC 60(b) does not authorize the court to extend or waive a filing limitation period defined by statute. *See Widdoss*, 989 F.2d at 1177 (holding that because the 30–day time period in which to file a motion for review is jurisdictional, a court

---

**8.** The relevant provisions of RCFC 60(b) are:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under RCFC 59(b); (3) fraud (whether heretofore

denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

RCFC 60(b).

rule such as RCFC 60(b) cannot be used to "expand [the court's] jurisdiction beyond the limits prescribed by Congress") (citations omitted); *Mahaffey,* 368 F.3d at 1381 (affirming the principle of *Widdoss* that "a procedural rule such as Rule 60(b) or Vaccine Rule 19 cannot extend a statutory period of limitation"); *Decker v. Sec'y of Health & Human Servs.,* 51 Fed.Cl. 288, 292 (2001) ("It is well-established that Rule 60(b) cannot be used to toll, extend, or waive the time period in which a petitioner must file a motion for review pursuant to section 12(e)(1) of the Vaccine Act.").

In *Patton v. Secretary of the Department of Health and Human Services,* 25 F.3d 1021 (Fed.Cir.1994) (*Patton II* ), the Federal Circuit identifies a limited circumstance—specifically, where the relief sought does not go to the merits of the special master's decision—in which RCFC 60(b) may be applicable to grant relief from a judgment despite the absence of a timely-filed motion for review. In that case, the special master found in favor of the petitioners on the issue of entitlement and issued decisions regarding the amount of compensation due and awarding attorneys' fees and other costs. 25 F.3d at 1024. The special master had deferred ruling on the claims for pain and suffering until after ruling on attorneys' fees and other costs but failed to include an award for these claims in either of her decisions. *Id.* Neither party challenged these decisions and judgment was entered by the Court of Federal Claims. *Id.* Approximately a month and a half after the second decision, the Pattons filed a motion for relief with the special master requesting that the special master amend her decision to include an additional award for pain and suffering and lost earnings. *Id.* The special master accepted jurisdiction of the motion for relief despite the government's challenge that the special master lacked jurisdiction to modify her decision once the Court of Federal Claims had entered final judgment in accordance with that decision. *Id.* at 1024–25.

The government then sought review by the Court of Federal Claims of the special master's order on the motion for relief. On review, the Court of Federal Claims held that a special master lacked authority to amend her decision once judgment is entered on that decision by the court, vacated the Order to Amend, and restored the original judgment. *Id.* at 1025; *see also Patton v. Sec'y of Health & Human Servs.,* 28 Fed.Cl. 532, 539–40 (1993). The Pattons then filed a motion for relief under RCFC 60 with the Court of Federal Claims. *Patton II,* 25 F.3d at 1025. The Court of Federal Claims found it had jurisdiction of the RCFC 60 motion but denied relief on the merits. *See Patton II,* 25 F.3d at 1029–30. On appeal, the Federal Circuit affirmed its central holding in *Widdoss* that "the court ... cannot invoke RCFC 60(b) to review the merits of a special master's decision in the absence of a timely motion for review." *Patton II* at 1028. Agreeing with the trial court that neither *Widdoss* nor the Vaccine Act "preclud[ed] the court from invoking RCFC 60(b) to relieve a party from a judgment for the limited purposes listed in this rule" *Patton II* at 1028 (citation omitted), the Federal Circuit found that the trial court had jurisdiction over the Pattons' RCFC 60 motion because "the Pattons did not attempt to appeal the merits of the special master's decision in a manner inconsistent with the 'carefully circumscribed appellate process under the Vaccine Act'...." *Id.* at 1029 (citation omitted).

The limited circumstance in which RCFC 60(b) may be available to afford relief under the Federal Circuit's ruling in *Patton* is not presented by the facts of this case. Here, petitioner's motion for review of the special master's decision was filed after the expiration of the 30–day limitations period defined by statute. In *Patton,* the court upheld the settled principle that "the failure to file a timely motion seeking review of a special master's decision deprives the Court of Federal Claims of jurisdiction to review the merits of that decision," while permitting relief from a judgment "where the relief sought does not involve consideration of the merits of the case, but comes within the requirements of Rule 60." 25 F.3d at 1029. Petitioner's request to apply RCFC 60(b) in the present case is directly related to an appeal of the merits of the special master's decision.

**326**

## II. CONCLUSION

For the foregoing reasons, Petitioner's Motion for Review is DISMISSED as untimely. The Clerk of the Court is directed to enter judgment in accordance with the special master's decision of August 23, 2005 in this case. RCFC, App. B, Vaccine Rule 11(a).

IT IS SO ORDERED.