**Daniel T. BETANCOURT, Petitioner,**

v.

**SECRETARY OF HEALTH AND
HUMAN SERVICES,
Respondent.**

**No. 04–458V.**

United States Court of Federal Claims.

Filed Under Seal: March 25, 2008.[1]

Filed: April 16, 2008.

Brian R. Arnold, Brian R. Arnold & Associates, Dallas, Texas, for petitioner.

Heather L. Pearlman, Trial Attorney, Gabrielle M. Fielding, Assistant Director, Vincent J. Matanoski, Acting Deputy Director, Timothy P. Garren, Director, Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., for respondent.

### *OPINION AND ORDER*

GEORGE W. MILLER, Judge.

This action is before the Court on petitioner's motion for review ("Pet.'s Mot. Rev.," docket entry 67), received by the clerk of court on January 10, 2008, one day after the end of the statutorily mandated 30–day limitation period for seeking review of a special master's decision. *See* 42 U.S.C. § 300aa–12(e)(1). Petitioner's motion was filed by leave of the Court pursuant to its order of January 24, 2008 (docket entry 66). In issuing the order, the Court stated that it "expresse[d] no view on the timeliness of petitioner's filing." On January 28, 2008, respondent filed a motion to dismiss or to strike petitioner's motion from the record ("Resp.'s Mot. Dismiss," docket entry 68). Petitioner has not filed a response.

For the reasons discussed below, respondent's motion is **GRANTED.**

---

1. Pursuant to Rule 18(b) of the Court's Vaccine Rules, this Opinion and Order was initially filed under seal. Each party was afforded 14 days from the date of filing to object to the public disclosure of any information furnished by that party. The parties did not object to disclosure of any information or propose redactions within that time period and thus the Opinion and Order is being made public in the form it was earlier filed under seal.

## DISCUSSION

The National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"), codified as amended at 42 U.S.C. §§ 300aa–1 to 300aa–34 (2000 & Supp. IV 2004), provides for review of a special master's decision and states that a motion for review must be filed within 30 days of the special master's decision. 42 U.S.C. § 300aa–12(e)(1); *see also* Rules of the Court of Federal Claims ("RCFC"), Appendix B, Vaccine Rule 23 ("No extensions of time under this rule will be permitted, and the failure of a party to timely file such a motion shall constitute a waiver of the right to obtain review.") Here, the special master's decision, *Betancourt v. Secretary of Health & Human Servs.*, No. 04–458V, 2007 WL 4820969 (Fed.Cl. Spec.Mstr. Dec. 10, 2007), stated prominently on the first page that the decision was filed on December 10, 2007 (docket entry 64). The deadline for receipt of a motion for review was therefore Wednesday, January 9, 2008.[2]

▮ Though petitioner's certificate of service is dated January 9, 2008 (Pet.'s Mot. Rev., 19), the motion was received by the clerk of court on January 10, 2008. The date of receipt by the clerk of court is controlling, not the date indicated on the certificate of service. RCFC Appendix B, Vaccine Rule 17(a) ("A document is filed when actually received and marked filed by the clerk, not when mailed.") Because the 30–day limitation period expired on January 9, 2008, the petition filed on January 10, 2008 was untimely. Plaintiff has not responded to defendant's motion, but given that the time period to file the motion for review is statutorily mandated, the Court would not be in a position to grant an extension or otherwise waive the time limitation, were plaintiff to request such action. *See, e.g., Waller v. Secretary of Health & Human Servs.*, 76 Fed.Cl. 321 (2005) (holding that the 30–day period within which to file a petition for review of a special master's decision could not be extended or waived, where the petition was filed one day late based on counsel for petitioner's errone-

ous belief that the time for filing a motion for review ran from the date the special master's decision was entered on the electronic docket, rather than the date the decision was filed); *Decker v. Secretary of Health & Human Servs.*, 51 Fed.Cl. 288, 292–96 (2001), *appeal dismissed per stipulation*, 38 Fed. Appx. 588 (Fed.Cir.2002) (doctrine of equitable tolling not applicable to toll the 30–day period for the filing of a motion for review); *see also Acevedo v. Secretary of Health & Human Servs.*, 79 Fed.Cl. 633, 636–38 (2007); *and John R. Sand & Gravel v. United States*, No. 06–1164, — U.S. —, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008).

## CONCLUSION

For the reasons set forth above, petitioner's motion for review of the special master's decision is **DISMISSED** as untimely. The Clerk is directed to enter judgment in accordance with the special master's decision of December 10, 2007. RCFC, Appendix B, Vaccine Rule 11(a).

**IT IS SO ORDERED.**

---

2. The time for filing a motion to review a special master's decision begins to run when the special master files a decision. *See Widdoss v. Secretary of Health & Human Servs.*, 989 F.2d 1170, 1175 (Fed.Cir.1993) (holding that motion for review

filed 31 days after the special master's decision was filed was untimely).

