**William G. BENNETT, Plaintiff,**

v.

**The UNITED STATES, Defendant,**

No. 92–736 C.

United States Court of Federal Claims.

Aug. 18, 1994.

---

William G. Bennett, pro se.

## OPINION

SMITH, Chief Judge.

This case comes before the court on plaintiff's motion for relief from judgment pursuant to Rule 60(b) of the Rules of the United States Court of Federal Claims. After careful consideration of the facts in this case and the controlling case law, the court must deny plaintiff's motion.

## FACTS

On August 24, 1986, plaintiff was convicted of conspiracy to possess cocaine, and possession of cocaine with intent to distribute. Plaintiff was sentenced to forty years confinement. *United States v. Bennett,* 848 F.2d 1134, 1136 (11th Cir.1988). After plaintiff's arrest, the Drug Enforcement Agency (DEA) officers involved with the case obtained a search warrant for plaintiff's home. The subsequent search resulted in the confiscation of plaintiff's gun collection as well as other items allegedly associated with his criminal activity.

Plaintiff filed a complaint in the Southern District of Florida on October 24, 1989, contending that in the process of searching his home and seizing his property, the DEA agents caused substantial damage. Furthermore, plaintiff claims that the portion of his property that was returned was in disrepair, and that some of his property has never been returned. Plaintiff then instituted a cause of action in the Southern District of Florida asserting a violation of his fifth amendment right to be compensated for property taken by the government.

On July 20, 1992, the district court granted the government's motion for summary judgment on jurisdictional grounds, and transferred plaintiff's case to this court pursuant 28 U.S.C. § 1631. Plaintiff's claim was filed in this court on October 20, 1992. Plaintiff, who is incarcerated at the Federal Corrections Institution in Mariana, Florida, was notified of the transfer and directed to follow the requirements set out in Rule 84(a)(2) to have the case proceed before this court. The plaintiff failed to respond to this notice. Accordingly, this court issued an order dated December 4, 1992, notifying plaintiff that he had 15 days to respond or the case would be dismissed for failure to prosecute pursuant to Rule 41(b). Again, plaintiff did not respond, and the Clerk of the Court dismissed the plaintiff's complaint on January 6, 1993.

Plaintiff then filed the instant motion for relief from the judgment. He argues that due to his incarceration and lack of funds, he was obligated to bring his complaint *pro se.* Furthermore, plaintiff argues that he was receiving legal assistance from a fellow inmate which, due to rules sanctioning inmate correspondence, became difficult to obtain when this particular inmate was transferred to another prison.[1] The Bureau of Prison Rules generally forbid inmates to correspond with one another except in certain limited circumstances.[2] Accordingly, plaintiff alleg-

---

1. Plaintiff was apparently receiving legal advice from an inmate named Ellis who is not a lawyer, but had some paralegal training.

2. *See* Correspondence Between Confined Inmates 28 C.F.R. § 540.17 (1993) ("An inmate may be permitted to correspond with an inmate confined in any other penal or correctional institution, providing the other inmate is either a member of the immediate family, or is a party or a witness in a legal action in which both inmates are involved. The Warden may approve such

es he was forced to correspond with his "legal advisor" through an intermediary outside of the prison system. Plaintiff alleges this is a cumbersome process which accounts for his failure to respond to the court's notices in a timely fashion.

## DISCUSSION

Plaintiff seeks relief under Rule 60(b) which sets forth the conditions under which the court can disregard a final judgment.

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or *excusable neglect;* ... The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Rule 60(b) (emphasis added).

■ Plaintiff alleges that the circumstances of his case fall within the provisions of Rule 60(b)(1)—excusable neglect. The court considers three factors in determining whether to vacate a judgment for excusable neglect: (1) whether the party in whose favor default has been entered will be prejudiced; (2) whether the party against whom default has been entered has a meritorious defense; and (3) whether culpable conduct of the party against whom default has been entered led to the default. *Information Systems and Networks Corp. v. United States,* 26 Cl.Ct. 314, 316 (1992). In addition, "this test is disjunctive, therefore a showing that any one of the three elements of the test is satisfied will cause the plaintiff's [Rule 60(b) ] motion to be dismissed." *Id.* (citing *Cassidy v. Tenorio,* 856 F.2d 1412, 1415 (9th Cir.1988)). Although inadvertency, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect under Rule 60(b)(1) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances

beyond the control of the movant. *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* —— U.S. ——, ——, 113 S.Ct. 1489, 1496, 123 L.Ed.2d 74 (1993). After examining the facts and circumstances of plaintiff's claim the court concludes that plaintiff's negligence in failing to respond to the court's orders was not excusable and that plaintiff's motion must be dismissed. *Information Systems and Networks Corp.,* 26 Cl.Ct. at 317 (citing *In re Hammer,* 940 F.2d 524, 526 (9th Cir.1991)) ("A party's conduct is culpable if that party has received 'actual or constructive notice of the filing of the action and failed to answer the complaint.' ").

■ Plaintiff admits having received this court's orders of October 20, 1992, and of December 4, 1992. *See* Plaintiff's Motion for Relief from Judgment at 3. However, plaintiff argues that since prison rules forbid correspondence between inmates, he was unable to receive timely legal advice from a fellow inmate in another prison. In order to carry out their correspondence the two inmates were circumventing the prison rules through an intermediary outside the prison system. This process was inefficient, and ultimately unreliable. This inability to effectively correspond with his "legal advisor" is the basis of plaintiff's excusable neglect claim.

Plaintiff's explanations for not responding to the court's orders are not convincing. First, plaintiff is representing himself *pro se,* and was in receipt of the court's orders. *Pro se* is defined as: "Appearing for oneself, as in the case of one who does not retain a lawyer and appears for himself in court." Black's Law Dictionary, (6th ed. 1990) at 1221. Because plaintiff is proceeding *pro se* his alleged inability to communicate with his "legal advisor" is of no account. Moreover, plaintiff's "legal advisor" is not an attorney, but even if he was and an attorney-client relationship existed, clients are still held accountable for the acts and omissions of their attor-

---

correspondence in other exceptional circumstances, with particular regard to the security level of the institution, the nature of the relationship between the two inmates, and whether the inmate has other regular correspondence. The following additional limitations apply: (a) Such

correspondence at institutions of all security levels may always be inspected and read by staff at the sending and receiving institutions (it may not be sealed by inmates); and (b) The Wardens of both institutions must approve of the correspondence.").

neys. *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* —— U.S. at ——, 113 S.Ct. at 1498 (1993) (citations omitted). Lastly, plaintiff is not prejudiced by the denial of his motion since the dismissal was without prejudice. In short, plaintiff could have, and should have responded to the court's orders himself, or sought advice from someone more easily accessible.[3]

## CONCLUSION

■ Dismissals under Rule 41(b) are without prejudice. Therefore, plaintiff can refile his claim in this court. The statute of limitations for this court is six years. 28 U.S.C. § 2501 (1988). Although the events in plaintiff's case occurred in 1985, the court finds that the statute of limitations was tolled when plaintiff filed his 1989 district court claim. Accordingly, plaintiff has approximately two years from the date of this order in which to refile his claim. If plaintiff chooses to refile his claim the court will waive the filing fee. The court should point out, however, that this court does not have jurisdiction over claims sounding in tort. 28 U.S.C. § 1491.

**IT IS SO ORDERED.**

---

3. To the extent plaintiff's motion challenges the rules governing prisoner correspondence, his claim must also fail. The Supreme Court has upheld the legitimacy of rules regulating prisoner correspondence. *Turner v. Safely,* 482 U.S. 78, 92, 107 S.Ct. 2254, 2263, 96 L.Ed.2d 64 (1987) ("Prison officials have stated that in their expert opinion, correspondence between prison institutions facilitates the development of informal organizations that threaten the core functions of prison administration, maintaining safety and internal security."). Neither, in the court's view, can ineffectually breaking a legitimate prison rule constitute excusable neglect.

